[No. 12164.   Department Two. — December 19, 1889.]

## JAMES NEYLAN, APPELLANT, v. ABRAM F. GREEN ET AL., RESPONDENTS.

PROMISSORY NOTE — PAYMENT BY PRINCIPAL OR SURETY — EXTINGUISH-MENT. — If a note be paid either by the principal or the surety, it is extinguished as to the surety.

PRACTICE — WAIVER OF ERRORS — FAILURE TO ARGUE EXCEPTION. — Where there is no oral argument, and the brief simply refers to the folio of the record where the exceptions are to be found, but contains no argument in relation thereto, they will be held to be waived.

APPEAL from an order of the Superior Court of Santa Cruz County refusing a new trial.

The facts are stated in the opinion.

*P. B. Ladd*, for Appellant.

*F. J. McCann, Underwood McCann*, and *J. M. Lesser*, for Respondents.

HAYNE, C.—This was an action to foreclose a mortgage given to the firm of Neylan & Young by the defendant Abram F. Green to secure the payment of a promissory note for the sum of nine hundred dollars. The answer, among other things, puts in issue the allegation of non-payment of the note. The court found that it had been paid, and rendered judgment for the defendants. The plaintiff appeals from an order denying his motion for a new trial.

The general features of the case are as follows: The defendant Abram F. Green was a settler on the public lands, and was in the habit of taking lumber, bark, "shakes," etc., from the tract, and selling it to the firm Dingwall & Waldo, in Santa Cruz, and getting supplies, etc., in return.   Dingwall & Waldo were in the habit of shipping the stuff which they received from Green and from other parties to the firm of Neylan & Young of San Francisco, who sold it on commission, and placed the proceeds to the account of Dingwall & Waldo, who drew against it as occasion required, and frequently their account was overdrawn.   While their account was so overdrawn, the defendant Abram F. Green applied to them for $133.12, which he needed to make the last payment upon the tract upon which he had settled.   They could not let him have the money, but went with him to San Francisco, where a transaction was concluded, by which Neylan & Young supplied the $133.12 to make the payment on Green's land, and he gave to them the note and mortgage in suit.   The clearest account of what occurred is given by Levi K. Green, the brother of . Abram F. Green.   He says: "My brother, Abram F. Green, wanted $133 to pay for the land, but he could not get it, unless he gave them security for what they owed Neylan & Young.   The $900 was made up of the $700 due from Dingwall & Waldo, the $133 that Abram F. Green got, and the expenses in going to the city and making out the note and mortgage."   This account is confirmed by the testimony of Dingwall, by that of the plaintiff himself, and by that of Waldo, although the latter witness seems to have had very confused notions of the legal effect of the transaction, and gave testimony which is contradictory and unintelligible in many respects.

There can be no doubt that Abram F. Green received only $133.12.   And he did not receive this sum from Neylan & Young, but from Dingwall & Waldo, to whom

it was advanced by the former firm. The plaintiff admits that the money was advanced to Dingwall & Waldo, and was charged to them on the books, and they so understood the transaction.

We do not think that the relation between Abram F. Green and Dingwall & Waldo are material in this connection. As between Neylan & Young and Green, the latter was a surety merely. And the result is, that if the debt was paid, either by Dingwall & Waldo or by Green, it was extinguished, and the plaintiff has no case.

The court made a general finding that the note was paid. It also made a special finding that after the date of the note and mortgage "the said Dingwall & Waldo received from Abram F. Green merchandise to the value of one thousand dollars in payment of the debts of said Abram F. Green, one of which was the promissory note in suit"; and that "within eighteen months after the date of said note and mortgage, Dingwall & Waldo had shipped to said Neylan & Young goods, wares, and merchandise to the value of several thousand dollars, including all the merchandise received from Abram F. Green, mentioned in finding 12, and the same was received by Neylan & Young, and placed to the credit of Dingwall & Waldo in their account. The amount of goods, wares, and merchandise so shipped and received was sufficient to pay and did pay all of the indebtedness of Dingwall & Waldo owing to Neylan & Young on the twenty-fourth day of March, 1876, including the note and mortgage in suit."

Unless this finding can be set aside as not warranted by the evidence, the order appealed from must be affirmed. We think there is evidence in its support. It seems plain that Abram F. Green's lumber and stuff was sent to Neylan & Young through Dingwall & Waldo. Levi Green testifies that a sufficient quantity to pay off the note was sent, and Waldo testifies to the same thing; and the plaintiff admits that from the date of the note and

mortgage " to March 24, 1877, Dingwall & Waldo were credited by our firm with $7,983.89 for lumber sent us by them, sold by us for them, and placed to their credit." And Waldo testifies that although the account of his firm was generally overdrawn, yet that they had settlements every year, and that in 1877 Neylan & Young were indebted to them.

It further appears in evidence that the understanding was, that the note was to be taken up in a short time. Waldo told Green that "just as soon as they shipped some stuff up there that the mortgage would be canceled," and the plaintiff was informed of this arrangement.

The foregoing evidence, at least, cast the burden upon the plaintiff of explaining why the payments were not, or ought not to have been, applied to the note in suit. The whole evidence is very confused and unsatisfactory upon essential matters. And we do not feel that we can say that the finding quoted should be set aside.

With reference to errors in law, the appellant's counsel has the following: "Having made so clear a case for a reversal of the order denying a new trial on the facts of the case, so far as errors are concerned, we here simply point out where they are to be found in the transcript," and a list of folios of the record is added. We do not suppose that the court will think it necessary to examine questions submitted to it in this manner. And we merely say that while the case appears to have been very loosely tried, we have seen no error which materially affects the finding above referred to.

We therefore advise that the order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Hearing in Bank denied.