[L. A. No. 251.     Department One.—October 29, 1896.]

HELENA M. GRANGER, RESPONDENT, v. HENRY W. ROBINSON ET AL., APPELLANTS.

APPEAL—JUDGMENT—NEW TRIAL ORDER—ONE UNDERTAKING SUFFICIENT. On appeal from a judgment and from an order denying a new trial only one undertaking for three hundred dollars need be filed in order to give the supreme court jurisdiction of the appeal. Such undertaking must refer to each of the appeals as distinctly as if they were from separate orders requiring an undertaking for each. If the undertaking recites merely the appeal from the judgment, the appeal from the order denying a new trial will be dismissed.

ID.—SUFFICIENCY OF UNDERTAKING.—An undertaking reciting that the defendant has appealed from the judgment and also from the order denying a new trial, and that it is executed "in consideration of the premises and of such appeal," is sufficient.

MOTION to dismiss an appeal from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. J. S. NOYES, Judge.

The facts are cited in the opinion of the court.

*Henry Conner*, for Appellant.

*Walter Bordwell*, for Respondent.

THE COURT.—Motion to dismiss an appeal upon the ground that the undertaking is insufficient. The appeal is from the judgment, and also from an order denying a new trial. The undertaking recites both of the appeals, and that in consideration thereof the appellant will pay all damages and costs which may be awarded against him on the appeal, or on the dismissal thereof, not exceeding three hundred dollars.

It was held in *Chester* v. *Bakersfield Town Hall Assn.*, 64 Cal. 42, that, upon an appeal from both the judgment and an order denying a new trial, only one undertaking for three hundred dollars need be filed in order to give this court jurisdiction of the appeal. This was recognized as an exception to the general rule requiring a separate undertaking for each appeal, but the practice had been continued so long, and had become so well

settled, that, as was said in *Sharon* v. *Sharon*, 68 Cal. 326, the court very properly declined to disturb it. The sufficiency of this practice, as well as the fact that it is an exception to the general rule, has since been frequently recognized and upheld by this court. (*Corcoran* v. *Desmond*, 71 Cal. 103; *Williams* v. *Dennison*, 86 Cal. 430; *Centerville etc. Ditch Co.* v. *Bachtold*, 109 Cal. 111.) It is, however, necessary that the undertaking shall refer to each of the appeals as distinctly as if they were from separate orders requiring an undertaking for each. If the undertaking recites merely the appeal from the judgment, the appeal from the order denying a new trial will be dismissed. (*Bornheimer* v. *Baldwin*, 38 Cal. 671; *Berniaud* v. *Beecher*, 74 Cal. 618; *Crew* v. *Diller*, 86 Cal. 554; *Pacific Paving Co.* v. *Bolton*, 89 Cal. 154.) If, on the other hand, both of the appeals are referred to in the undertaking and made the consideration for its execution, a single undertaking for three hundred dollars will be sufficient.

In the present case the undertaking recites that the defendant has appealed from the judgment, and also from the order denying a new trial, and is executed "in consideration of the premises and of such appeal." Under the rule of practice held in the above cited cases to be well settled this undertaking is sufficient.

The motion is denied.