[L. A. No. 492. Department One.—August 2, 1898.]

## S. C. DODGE, Appellant, v. P. S. KIMPLE, Respondent.

APPEAL — UNDERTAKING — DISMISSAL.—Upon appeal from a judgment and from an order denying a new trial, where the undertaking refers only to the appeal from the judgment, and there is no undertaking upon appeal from the order, the latter appeal must be dismissed.

ACTION FOR MONEY — PLEADING—NONPAYMENT.—In an action to recover money upon a contract, express or implied, it is necessary not only to allege the contract or other facts out of which the obligation to pay the money arose, but also to allege the nonpayment of the money, which constitutes the breach of the obligation; else the complaint is insufficient to sustain a judgment in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Clarke, Judge.

The facts are stated in the opinion.

C. K. Holloway, for Appellant.

Clarence A. Miller, for Respondent.

HAYNES, C.—Appeal from the judgment and from an order denying a new trial. Respondent moved, in this court, to dismiss the appeal from the order denying a new trial, and counsel stipulated that the case and the motion should be submitted upon the transcript, briefs, and other papers on file. There is no undertaking on the appeal from the order. The undertaking refers only to the appeal from the judgment, and therefore will not operate to sustain the appeal from the order. (*Granger v. Robinson*, 114 Cal. 631, and cases there cited.)

The complaint alleges that E. D. Brown contracted to erect a dwelling-house for one F. T. Bicknell, and executed a bond to said Bicknell in the sum of two thousand five hundred dollars, conditioned for the full and proper completion and performance of the contract, upon which bond the plaintiff and defendant became sureties; that Brown commenced and partly performed his contract, but abandoned it before completion, and, upon notice from the architect requiring the sureties to do so, plaintiff completed it at a cost of twelve hundred and twenty dollars over and above the balance of the contract price remaining in the hands of the owner, and brings this action to recover from the defendant one-half of said sum.

The defendant demurred to the complaint for want of facts; the demurrer was overruled and an answer filed. The cause was tried, and findings and judgment were for the defendant.

Respondent contends that the judgment must be affirmed, for the reason that the complaint does not state a cause of action.

The plaintiff alleges that he expended twelve hundred and twenty dollars in completing the building, and that defendant became liable to him for one-half of said sum, but nowhere alleges in any manner that he has not been paid, and hence no breach of defendant's obligation to pay is alleged. In all cases it is necessary not only to allege the contract, agreement, or other facts out of which the obligation to pay money arose, but the breach of such obligation, which is that defendant has not paid, must also be alleged. It has been so held in numerous cases upon promissory notes, from *Frisch v. Caler*, 21 Cal. 71, down to *Ryan v. Holliday*, 110 Cal. 335; in action upon insurance policy (*Richards v. Travelers' Ins. Co.*, 80 Cal. 506), upon bonds (*Curtiss v. Bachman*, 84 Cal. 216), and in other cases, not

necessary to be cited, this well-established rule of pleading has been enforced.

As the complaint would not sustain any judgment in favor of the plaintiff, other questions raised by appellant need not be noticed.

I advise that the appeal from the order denying a new trial be dismissed, and that the judgment be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the appeal from the order denying a new trial is dismissed, and the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.