[S. F. No. 4398. In Bank.—January 2, 1906.]

### JOHN S. BELL, Appellant, v. GEORGE STAACKE et al., Respondents.

APPEAL FROM JUDGMENT—DISMISSAL—TIME FOR FILING TRANSCRIPT— NEW TRIAL ORDER.—Under rule II of this court, where a motion for a new trial has been made, the time for filing the transcript on appeal from the judgment begins to run from the date of the entry of the order disposing of the motion for a new trial, so as to give an immediate right of appeal therefrom; and if the transcript on appeal from the judgment is not filed within forty days thereafter, the appeal from the judgment must be dismissed.

ID.—NOTICE OF ENTRY OF ORDER NOT REQUIRED.—The appellant was not entitled to notice from the adverse party, or from any one, of the making, filing, or entry of the order denying a new trial, but was bound to take notice and inform himself thereof. The time for the doing of an act or the taking of a step in a proceeding in court begins to run from the service of a notice only in cases where by some law or rule of court it is so provided.

MOTION to dismiss appeal from a judgment of the Superior Court of Santa Barbara County. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, James L. Crittenden, and B. F. Thomas, for Appellant.

Canfield & Starbuck, and T. Z. Blakeman, for Respondents.

SHAW, J.—The defendant Teresa Bell, as administratrix with the will annexed of the estate of Thomas Bell, deceased, moves the court to dismiss the appeal of the plaintiff from the judgment of the superior court entered therein on October 28, 1904. The motion is made on the ground that the time

allowed by law and by the rules of this court for the filing of the transcript on appeal has expired, and hence that under the provisions of rule V (78 Pac. viii) the appeal from the judgment must be dismissed. At the time the appeal was perfected a proceeding was pending for the settlement of a statement of the case to be used on a motion then pending in the lower court for a new trial. The time for the filing of the transcript of the record in this court, under such circumstances, is fixed by subdivision 1 of rule II (78 Pac. vii), which is as follows: "(1) The appellant in a civil action shall, within forty days after the appeal is perfected, serve and file the printed transcript of the record, duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken; provided, that when there is a proceeding pending for the settlement of a bill of exceptions or a statement which may be used in support of such appeal, the time for filing and serving the transcript shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed; and provided further, that, when a party appealing from a judgment has given notice of motion for a new trial before perfecting said appeal, the time for filing and serving the printed transcript shall not begin to run until the motion for a new trial has been decided or the proceeding dismissed for want of prosecution; and the appeal from the judgment and from an order denying a new trial of the issue may in all cases be presented upon the same transcript." The statement to be used on the motion for a new trial was settled, authenticated, and filed on May 29, 1905, and the motion for a new trial was denied by an order filed with the clerk of the superior court on June 24, 1905. The date of its entry is uncertain. The purpose of this part of rule II was to give the appellant an opportunity, if he so desired, to present the appeals from the judgment and from the order denying a new trial upon the same transcript. To give effect to this purpose it is necessary to construe the words of the last proviso as meaning that the time for filing the transcript shall not begin to run until the order denying or dismissing the motion for a new trial has not only been made, but has also been either entered on the minutes of the superior court or filed with the clerk thereof, so as to give an immediate right to appeal therefrom, under section 939 of the Code of Civil Procedure and the decisions of this court construing the same in

that particular. Upon this construction of the rule, the time prescribed for the filing of the transcript began to run at all events on June 24, 1905, when the order denying the motion for new trial was filed with the clerk, and, according to the language of the rule, the time expired forty days thereafter— that is, on August 3, 1905. The notice of motion to dismiss this appeal for this cause was served on the attorney for the appellant and filed in this court on August 16, 1905. At that time no transcript of the record had been filed nor had it been filed on September 5, 1905, the date when the appellant's affidavit in opposition to this motion was sworn to by his attorney. We are therefore constrained to hold that the motion is well founded, and that the appeal from the judgment must be dismissed.

It is further contended on behalf of the appellant that the last clause of the subdivision of the rule above quoted, that "the appeal from the judgment and from the order denying a new trial of the issue may in all cases be presented upon the same transcript," was intended to allow still further time for the filing of the transcript, and must be construed to allow the appellant to file his transcript on an appeal from the judgment at any time within forty days after he has perfected an appeal from the order denying a new trial. In furtherance of this contention he shows by affidavit that on August 15, 1905, he perfected an appeal from that order, and that the time for filing the transcript on that appeal would not expire until September 24, 1905, which was after the submission of this motion to dismiss. In answer to this contention, we have to say that such was not the purpose of the rule, and it is not so expressed. It should be, and is, the policy of the court to expedite proceedings on appeal, rather than to delay them or permit opportunities for delay. The rule in question, in order to avoid the expense of unnecessary and oftentimes burdensome costs, where a party intends to appeal both from the judgment and from the order denying a new trial, and there is unavoidable delay in the decision of the motion for new trial, so far departs from this policy as to permit such further delay only as may be sufficient to enable a party, by proper diligence, to have both appeals heard together and on the same transcript. But the rule was not intended to encourage delay, nor to give more time than with diligent effort is necessary to

accomplish the object sought.    When the order denying a new trial is filed or entered, the party aggrieved may immediately perfect an appeal therefrom, and the forty days allowed by the rule after the day when the time for that appeal begins to run is ample time within which to print, serve, and file the transcript, including the record on both appeals.    If a party chooses to delay for more than forty days the taking of an appeal from the order, he thereby loses the opportunity afforded to him by the rule to save the expense of twice printing the judgment-roll and the clerk's fee for an additional filing.

In view of some matters alleged in the affidavit filed on behalf of the appellant on the hearing of this motion, it may be further stated that the appellant was not entitled to notice from the adverse party, or from any one, of the making, filing, or entry of the order denying a new trial, and that the time for an appeal therefrom, and also the time for the filing of the transcript on the present appeal, began to run at once upon such filing or entry, without regard to any notice or knowledge thereof by the appellant or his attorneys.    Parties and their attorneys are bound to take notice and inform themselves of such proceedings without assistance from the adverse parties.    This is the general rule.    The time for the doing of an act or the taking of a step in the proceeding in court begins to run from the service of a notice of some previous act or step, only in cases where by some law or rule of court it is so provided.

The appeal from the judgment is dismissed.

Beatty, C. J., Van Dyke, J., McFarland, J., Henshaw, J., Angellotti, J., and Lorigan, J., concurred.