[L. A. No. 1852. Department One.—July 22, 1907.]

## JOHN S. BELL, Appellant, v. GEORGE STAACKE et al., Respondents.

TRUST IN LAND—ACTION TO ESTABLISH—FINDING—EVIDENCE.—In an action to establish a trust in plaintiff's favor in certain land, it is held that the evidence is sufficient to support the findings to the effect that the defendant in whom the legal title was vested held the same in trust, first, as security for the payment of certain sums due from the plaintiff to the estate of one Thomas Bell, and, second, in trust for the use and benefit of the plaintiff, and that such findings are not contrary to any admissions in the pleadings.

APPEAL—NEW TRIAL ORDER—FINDINGS—JUDGMENT.—Questions as to the sufficiency of the findings to support the judgment cannot be considered on an appeal from an order granting or denying a motion for a new trial.

ID.—DISMISSAL OF APPEAL FROM JUDGMENT—REVERSAL OF ORDER DENYING NEW TRIAL—RETRIAL OF CASE.—Where an appeal from the judgment is dismissed, and an appeal from an order refusing a new trial is reversed, such reversal operates to vacate the judgment, and the trial court has jurisdiction to retry the case and render a different judgment.

ID.—VOLUMINOUS TRANSCRIPT—FAILURE TO IDENTIFY ASSIGNMENTS OF ERROR.—The court on appeal is justified in refusing to consider numerous specifications of errors at law claimed to have occurred at the trial when the transcript on appeal is upwards of seven hundred pages in size, and neither in the transcript nor brief is any reference made to the page or folio of the transcript where any ruling complained of is shown, or any argument is advanced showing that the trial court erred to the appellant's prejudice in any of such rulings.

APPEAL from an order of the Superior Court of Santa Barbara County refusing a new trial. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, and James L. Crittenden, for Appellant.

T. Z. Blakeman, for Respondents.

ANGELLOTTI, J.—Plaintiff brought this action against defendant Staacke, and the representatives of the estate

of Thomas Bell, deceased, to obtain a decree declaring that a tract of land in Santa Barbara County containing ten thousand acres, the title to which stands of record in the name of said Staacke, is held by him in trust for plaintiff, and requiring a conveyance thereof to him by Staacke. The defendants, by answer and cross-complaint, alleged that while the title to the land was held by Staacke in trust for plaintiff, it was also held by him as security for certain advances made by Thomas Bell in his lifetime, at the instance and for the benefit of plaintiff, and asked that the claim .of the estate against the land be enforced by a sale thereof. Upon a former trial, the trial court, while finding that plaintiff was indebted to the estate of Thomas Bell in the sum of $52,120.15 for money advanced and loaned him by Thomas Bell, also found that the land was held by Staacke in trust solely for plaintiff, and not as security for any indebtedness due from him to the estate. It therefore gave personal judgment only in favor of the estate against plaintiff for the said amount, and directed a conveyance of the land by Staacke to plaintiff. The defendants appealed from the judgment and from an order denying their motion for a new trial. The appeal from the judgment was dismissed on the ground that the same had been prematurely taken. (*Bell* v. *Staacke,* 137 Cal. 307, [70 Pac. 171].) On the appeal from the order denying the motion for a new trial, which was subsequently heard, it was decided by this court that the evidence was insufficient to sustain the conclusion of the trial court that the land was not held as security for the payment of the indebtedness due Thomas Bell from plaintiff, it being declared after a careful view of the evidence contained in the record that such evidence showed without substantial conflict that the land was conveyed to Staacke to be held by him as security for the payment by plaintiff to Thomas Bell of all sums of money theretofore advanced or thereafter to be advanced to plaintiff by said Thomas Bell. The order denying defendants' motion for a new trial was reversed, except as to the issues relative to the amount of indebtedness due the estate from plaintiff, and the cause remanded for a new trial, except as to the issues last referred to. (*Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774].) Upon the new trial, which was had on the same pleadings, without change or amendment of any kind therein,

CLI Cal.—35

the court found in favor of defendants upon the issues tendered by the answer and cross-complaint, and determined that Staacke holds the land in trust, first, as security for the payment of the sums due the estate, amounting with interest accrued on the $52,120.15 indebtedness to $95,101.07, and, second, in trust for the use and benefit of plaintiff. Judgment was given for the sale of the land for the payment of the indebtedness, together with costs and accruing interest. Plaintiff appealed from such judgment and from an order denying his motion for a new trial, but the appeal from the judgment has heretofore been dismissed.

It is contended that the evidence on the retrial was insufficient to sustain any of the material findings in favor of defendant. An examination of the four hundred and sixty-six pages of the printed transcript containing the evidence given on the retrial, shows that the evidence before the court was practically the same as that given on the former trial. Most of the testimony given consisted, by stipulation, of transcriptions of the reporter's notes taken at the former trial, and the additional evidence introduced did not materially affect the situation. The evidence was amply sufficient to support all the material allegations.

The brief of counsel for plaintiff contains a statement of facts which they claim were admitted by the pleadings, and which they further claim are in some respects contrary to the findings. This matter was available to plaintiff on the former appeal, in support of the decision on the facts there under review, there having been no change in the pleadings. We have examined the record in the light of this statement of counsel, and find no admission in the pleadings contrary to any finding of fact, unless the pleadings show an admission that on or about March 6, 1889, the plaintiff and Thomas Bell by consent rescinded the agreement relating to the holding by said Thomas Bell, as security for plaintiff's indebtedness, of the Grover notes and mortgages, which agreement is described in the former opinion (141 Cal. 197, [74 Pac. 774]). The allegation to this effect was made in one of plaintiff's amendments to plaintiff's amended and supplemental complaint, and it is claimed that the allegation was not denied. It was apparently treated at the trial as denied, and evidence was received thereon, the trial court finding against the alle-

gation. This matter is, however, of no importance on this appeal. It may be assumed that the rescission of this agreement as to the Grover notes and mortgages was made as alleged, and there is still ample evidence to support the material findings of the court as to the terms and conditions upon which the land in dispute was placed in the name of Staacke. If the court had found in accord with such allegation of rescission, instead of against it, such finding would have been simply a finding as to a specific fact not necessarily inconsistent with the findings as to the agreement and understanding upon which the land was placed in the name of Staacke. What we have said on this point sufficiently disposes also of the claim that, by reason of said alleged admission, the decision is against law, and the claim that, for the same reason, the findings do not support the judgment. It should be observed, however, that questions as to the sufficiency of the findings to support the judgment cannot be considered on an appeal from an order granting or denying a motion for a new trial.

A claim that the superior court had no jurisdiction to retry this case, notwithstanding that it was remanded by this court for a new trial, is based on the fact that the appeal from the former judgment in favor of plaintiff was dismissed. This, it is said, constituted an affirmance of the judgment, preventing the subsequent giving of any other judgment. But a judgment, even although expressly affirmed on appeal, is vacated by an order granting a new trial. (See *Swett* v. *Grey*, 141 Cal. 83, 88, [74 Pac. 551].)

There are two hundred and eighty-five specifications of errors in law occurring at the trial made in the statement on motion for a new trial. As to these, all that is said in their brief by counsel for plaintiff is that they "hereby specially and respectfully refer to pages 685 to 703 of the transcript as to the specification of errors in law occurring at the trial and excepted to by the plaintiff, and hereby make said pages of the transcript, and each and all of the specifications of errors of law therein set forth a part of this point and of these points and authorities as if set forth at length herein, and we hereby point out and designate each of said errors so specified as one of the grounds upon which appellants claim the right to a reversal of said order denying a new trial."

The portions of the transcript thus referred to contain simply the bare specifications of alleged errors. There is neither in transcript nor brief any reference to the page or folio of the seven-hundred-and-twenty-three-page transcript where any ruling complained of is shown, or any argument in support of the claim that the trial court erred to plaintiff's prejudice in any of these rulings. Under such circumstances we are justified in disregarding such claim altogether. (See *People* v. *Wo*, 120 Cal. 294, 297, [52 Pac. 833]; *Whyte* v. *Rosencrantz*, 123 Cal. 634, 642, [69 Am. St. Rep. 90, 56 Pac. 436]; *People* v. *Gibson*, 106 Cal. 458, 475, [39 Pac. 864]; *People* v. *Daniels*, 105 Cal. 262, 264, [38 Pac. 720]; *Wheelock* v. *Godfrey*, 100 Cal. 578, 589, [35 Pac. 317]; *Neylan* v. *Green*, 82 Cal. 128, [23 Pac. 42]; *West* v. *Crawford*, 80 Cal. 19, 33, [21 Pac. 1123].) It is proper to say, however, that in our examination of the evidence contained in the record we have discovered no erroneous ruling on the part of the trial court.

The order denying plaintiff's motion for a new trial is affirmed.

Sloss, J., and Shaw, J., concurred.