[Sac. No. 1590. In Bank.—December 5, 1907.]

## C. F. M. BUCHNER, Respondent, v. DANIEL MALLOY et al., Defendants; DANIEL MALLOY, Appellant.

APPEAL,—UNDERTAKING—IMPERFECTION IN RECITALS—FILING NEW UN- DERTAKING.—An imperfection in an undertaking on appeal given by a defendant on his appeal from an order denying his motion for a new trial, in reciting that the appeal was taken from his motion for a new trial, made and entered on a specified day, instead of from the order denying such motion, which the record shows was made and entered on that day, may be remedied under section 954 of the Code of Civil Procedure, by the filing in the supreme court before the hearing of a motion to dismiss the appeal of a good and sufficient undertaking containing the proper recital approved by a justice of that court.

ID.—APPEALS FROM JUDGMENT AND NEW TRIAL ORDER—ONE UNDER- TAKING SUFFICIENT.—It is an established rule of practice that one undertaking in the sum of three hundred dollars is all that is required to give the supreme court jurisdiction of an appeal both from a judgment and from an order denying a motion for a new trial of the action. The effect of this rule is that for all the purposes of the undertaking the appeals from the judgment and order are practically one appeal only. The single undertaking so given must refer to each of the appeals and show on its face that it is given in consideration of both, and if it recites merely one the other appeal will be dismissed.

ID.—RECITALS IN UNDERTAKING AS TO APPEALS.—An undertaking on appeal from a judgment and from an order denying a new trial, which recites both appeals and shows that it is given in considera- tion of both, and undertakes to pay "all damages and costs which may be awarded *on the appeal or on a dismissal thereof,*" is suf- ficient. Properly construed, the word "appeal," as used in the undertaking portion of the bond means the whole appeal before mentioned and described in the instrument, namely, the appeal from the judgment and the appeal from the order.

MOTION to dismiss an appeal from a judgment of the Superior Court of Siskiyou County, and from an order refus- ing a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Gillis & Tapscott, and Charles J. Luttrell, for Appellant.

Coburn & Collier, for Respondent.

ANGELLOTTI, J.—This is a motion to dismiss the appeal of Daniel Malloy from the judgment given against him in the above-entitled action, and from the order denying his motion for a new trial in said action, upon the ground that no sufficient or any undertaking on appeal was filed upon either of said appeals.

It will be assumed for the purposes of the decision that it appears from the record before us that the only undertaking on appeal filed in the superior court was the one of which a copy is contained in the moving papers. So far as is material, that undertaking is as follows:—

"Whereas Daniel Malloy, one of the defendants in the above entitled action, is about to appeal to the supreme court of the state of California, from a judgment and decree made and entered against him in said action, in the said superior court in favor of the above named plaintiff . . . , on the 8th day of February, A. D. 1907, . . . and from *said defendant, Daniel Malloy's motion for a new trial herein made, entered and filed on the 2d day of July, A. D. 1907.*

"Now, therefore in consideration of the premises and of such *appeal,* we the undersigned Peter Blake and E. J. Eller, both of the county of Siskiyou, state of California, do hereby jointly and severally undertake and promise on the part of said appellant Daniel Malloy, that the said appellant Daniel Malloy, will pay all damages and costs which may be awarded against said appellant, Daniel Malloy, *on the appeal or on a dismissal thereof,* not exceeding three hundred and 00-100 ($300.00) dollars to which amount we acknowledge ourselves jointly and severally bound." The italics are ours.

So far as the imperfection in the recital of the appeal from the order denying a motion for a new trial is concerned, the undertaking reciting an appeal from the appellant's *motion* for a new trial made, entered, etc., on July 2, 1907, instead of from the *order* denying *such motion,* which the record shows was made and entered on that day, there can be no doubt

that the matter could be remedied under section 954 of the Code of Civil Procedure by the filing in this court before the hearing of the motion to dismiss the appeal of a good and sufficient undertaking containing the proper recital, approved by a justice of this court. Under the circumstances, there could be no question as to the true intent and meaning of the recital in the undertaking, and the defect is purely technical. A good and sufficient undertaking in all respects, containing a proper recital in this regard (the words "the order of said court denying" being inserted after the word "from" and before the words "said defendant"), executed by the sureties on the original undertaking and approved by the chief justice of this court, was filed herein prior to the hearing of the motion to dismiss.

The claim of respondent is that the original undertaking was void, both as to the appeal from the judgment and the appeal from the order denying a new trial, for the reason that it recites the two appeals, and is expressly limited to one, without designating which one. The error in this contention is in the assumption that the undertaking, by reason of the use of the singular term "appeal," is limited to one only of the appeals.

Under our well settled practice, one undertaking in the sum of three hundred dollars is all that is required to give this court jurisdiction of an appeal both from a judgment and from an order denying a motion for a new trial of the action. This is an exception to the general rule which requires a separate undertaking for each appeal taken, but it is thoroughly established in this state (see *Bell* v. *Staacke,* 137 Cal. 308, [70 Pac. 171], and cases there cited), and is not disputed by respondent. The effect of this rule of practice is, that for all the purposes of the undertaking on appeal, the appeals from the judgment and order denying a new trial are practically one appeal only. It is essential, of course, that the single undertaking so given shall refer to each of the appeals and show on its face that it is given in consideration of both, and if it recites merely one, the other appeal will be dismissed. (*Dodge* v. *Kimple,* 121 Cal. 580, [54 Pac. 94].) But where, as in the case at bar, it recites both appeals, and shows that it is given in consideration of both, the undertaking to pay "all damages and costs which may be awarded *on the*

*appeal or on a dismissal thereof,"* fairly construed, holds the sureties for any and all costs and damages that may be awarded on either of the two appeals in consideration of which the bond is given. The word "appeal" as used in the undertaking portion of the bond means the whole appeal before mentioned and described in the instrument,—namely, the appeal from the judgment and the appeal from the order denying a new trial,—thus embracing both appeals. If a portion only of such appeal be decided against the appellant or dismissed, the sureties are liable only for the costs and damages awarded as to that portion, while if both judgment and order are affirmed, or the appeals from both dismissed, or one is affirmed and the appeal from the other dismissed, they are liable for all the costs and damages awarded on the whole. This is the only possible reasonable construction of the undertaking as a whole. The precise question here presented appears to have been decided by this court in *Granger* v. *Robinson,* 114 Cal. 631, [46 Pac. 604]. The undertaking there was in all material respects the same as the one here involved, and it was held sufficient to cover both the appeal from the judgment and the appeal from the order denying a new trial. In denying the motion to dismiss, this court there said: "If . . . both appeals are referred to in the undertaking, and made the consideration for its execution, a single undertaking for three hundred dollars will be sufficient. In the present case the undertaking recites that the defendant has appealed from the judgment, and also from the order denying a new trial, and is executed 'in consideration of the premises and of such appeal.' Under the rule of practice held in the above cited cases to be well settled" (the rule authorizing a single undertaking on such appeal) "this undertaking is sufficient." We have not been referred to, nor have we been able to find, any decision of this court that is in conflict with the views we have expressed, or with the decision in *Granger* v. *Robinson,* 114 Cal. 631, [46 Pac. 604].

From what has been said, it follows that the motion to dismiss the appeals must be denied and it is so ordered.

Shaw, J., Sloss, J., Henshaw, J., Lorigan, J., and McFarland, J., concurred.