[L. A. No. 2530.   Department Two.—January 9, 1911.]

## JOHN S. BELL et al., Appellants, v. GEORGE STAACKE et al., Respondents.

ACTION TO DETERMINE TITLE—ACCOUNTING—CONTINUANCE AS TO ONE DEFENDANT—TRIAL AS TO CERTAIN DEFENDANTS—APPEAL—NOTICE. —In an action to determine the title to a ranch, and for an accounting, in which a defendant who had been foreman of the ranch, and to that extent custodian of the property and the collector of its rents, appeared and answered, setting up his willingness to account, without making claim of title, the court has power, under section 579 of the Code of Civil Procedure, to continue the trial as to him, and proceed to a trial of the action as to the other defendants on the issues of title and ownership of the property between them and the plaintiff, and to render a several judgment thereon.   On an appeal from an order denying a new trial of the action, as between such parties, it was not necessary to serve a notice of appeal on the defendant as to whom the action was continued.

ID.—UNDERTAKING ON APPEAL FROM JUDGMENT AND ORDER REFUSING NEW TRIAL.—An undertaking on appeal, which after reciting an appeal from the judgment and an appeal from the order denying a new trial, declares that the appellants would pay damages awarded against them on the appeal or on a dismissal thereof, not exceeding three hundred dollars, is sufficient to sustain both appeals.

WRIT OF ASSISTANCE — EVIDENCE — LETTER FROM ATTORNEY DISCLAIMING DEFENSE.—On the hearing of an application for a writ of assistance, a letter written by the attorney of record of the party against whom the writ was sought, after he had been served with the moving papers, to the attorney of the party applying for the writ, in which he stated that his clients had no defense to the motion, is admissible in evidence as an admission of the attorney made while he acted as such.

APPEAL from an order of the Superior Court of Santa Barbara County granting a motion for a Writ of Assistance. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellants.

T. Z. Blakeman, for Respondents.

CLIX Cal.—13

HENSHAW, J.—This is an appeal by John S. Bell and his wife, Kate M. Bell, from an order made by the superior court of the county of Santa Barbara, directing the issuance of a writ of assistance to dispossess appellants of about twenty acres of land, upon which are a residence and outbuildings connected therewith. It is one phase of protracted litigation between the parties, the full history of which will be found in *Bell* v. *Staacke,* 137 Cal. 307, [70 Pac. 171]; *Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774]; *Bell* v. *Staacke,* 148 Cal. 404, [83 Pac. 245], and *Bell* v. *Staacke,* 151 Cal. 544, [91 Pac. 322].

Louis Jones was made a party defendant to the litigation. He was foreman in charge of the ten-thousand-acre ranch of which the twenty acres here in controversy is a part, and was called upon for an accounting of his stewardship. He answered, declaring the nature of his employment, that he had managed the ranch, made leases, collected rents, and expressed his willingness and desire to account. At the commencement of the first trial (*Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774]) plaintiff moved for a continuance on the ground that the defendant Louis Jones was absent and not represented. The defendants Staacke and Teresa Bell, as administratrix, requested that the case be continued as to defendant Louis Jones and that the trial proceed as between the other parties. The court so ordered, and this was done. The first trial resulted in a judgment in favor of the plaintiff for the ten thousand acres, directing the defendants to convey the same to plaintiff's grantees free from any claim or lien of the estate of Thomas Bell. A judgment in favor of the administratrix on the cross-complaint in the sum of $51,120.15 was given against Bell personally, but it was declared not to be a lien upon the realty. Staacke and the administratrix appealed from the order denying their motion for a new trial upon all issues except those relating to the indebtedness of John S. Bell to Thomas Bell, deceased; in other words, as to all issues excepting the finding that plaintiff John S. Bell was indebted to the estate of Thomas Bell in the sum of $51,120.15. On that appeal this court reversed the order denying a new trial except as to the issues relating to the indebtedness of John S. Bell to Thomas Bell (*Bell* v. *Staacke,* 141 Cal. 203, [74 Pac. 774]). Upon the new trial the cross-complaint of the defendants was dismissed as to the defendant Louis Jones, and the

trial of the action between the plaintiff and the defendant Jones was continued. The trial resulted in findings and decree in favor of the administratrix on her cross-complaint to the effect that a lien existed in favor of the administratrix upon the land in question for the full amount of the debt of plaintiff John S. Bell to Thomas Bell, deceased, and that Staacke held the title to the land in trust: 1. As security for the payment of the indebtedness; and 2. In trust for the use and benefit of John S. Bell, the plaintiff. The judgment further decreed that the defendants have and recover of the plaintiff their costs. The plaintiff appealed from the judgment and the appeal was dismissed. (*Bell* v. *Staacke,* 148 Cal. 404, [83 Pac. 245].) He also appealed from the order denying his motion for a new trial and the order was affirmed. (*Bell* v. *Staacke,* 151 Cal. 544, [91 Pac. 322].) The land in controversy was sold under the last judgment and purchased by the administratrix, Teresa Bell, the respondent herein. In due course she received a commissioner's deed of conveyance. John S. Bell and Kate M. Bell, his wife, having refused to deliver possession of the land in controversy after demand properly made, or to recognize in any way the title so pur-. chased by the administratrix, the latter finally moved for a writ of assistance, and from the order of court directing its issuance this appeal is taken.

The principal contention of the defense upon this appeal is that the judgment of the superior court of Santa Barbara County made and given upon the first trial in July, 1901, was and is a final and conclusive determination of the rights of all the parties hereto. This is based upon the argument that because of the failure to serve Louis Jones with notice of appeal from the order refusing their motion for a new trial this court was without jurisdiction to entertain the appeal and to render the judgment which, in fact, it did render in 141 Cal. 203, [74 Pac. 774]. Necessarily this, in turn, is founded upon the contention that Louis Jones was such an essential party to the controversy that this court could do nothing with the appeal from the order denying the new trial unless jurisdiction over him had been attained by service. But Louis Jones had been but the foreman and to that extent custodian of the property and the collector of its rents. He made no claim to any title or ownership or interest therein and

stood in the position of a mere stakeholder, willing and anxious to render his account and to pay over any money found due to the person whom the court should designate. The trial as to him, was continued and properly continued under section 579 of the Code of Civil Procedure which provides that in an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper. The court, therefore, had ample authority to do as it did—continue the hearing so far as Jones's account was concerned, and proceed to a trial of the issues between the principal parties litigant. It was not necessary, therefore, that Jones should have been served with a notice of appeal, and nothing which was decided upon the appeal could or did affect in any way any of Jones's rights.

It is next contended that defendants' undertaking on the appeal reported in 141 Cal. 203, [74 Pac. 774] was insufficient to confer jurisdiction upon this court to entertain and decide it, in that after reciting the appeal from the judgment and from the order the single undertaking declared that appellants would pay damages awarded against them on the appeal or on a dismissal thereof, not exceeding three hundred dollars. This precise point upon this precise undertaking was passed upon and decided by this court adversely to appellants' contention in *Bell* v. *Staacke,* 137 Cal. 307, [70 Pac. 171]. It is in legal effect exactly the undertaking considered and held sufficient also in *Granger* v. *Robinson,* 114 Cal. 631, [46 Pac. 604], and *Buchner* v. *Malloy,* 152 Cal. 486, [92 Pac. 1029].

Mr. Thomas had been acting as attorney for plaintiffs and notice of the motion for a writ of assistance was served upon him. In response, he wrote to the attorney for the moving party (respondent herein) saying that he had "forwarded the notice to Mr. Bell at Los Alamos, with my statement that there was no defense to the motion, and suggested that perhaps the most you people wanted was them to sign a written agreement of title of the Bell estate to the land referred to in the notice. I gave this advice months ago to Mr. and Mrs. Bell." It is contended that it was error to admit in evidence at the hearing this letter. But at the hearing it was admitted that "Mr. B. F. Thomas is and for some time has been the attorney of record for the plaintiff herein." The letter was

admissible in evidence as an admission of the attorney of record of the appellant made while he was such attorney. It could not be regarded as a private communication. It does not purport to be a private communication, and there is nothing in the circumstances attending its writing which would estop opposing counsel from having it admitted in evidence wherever the matter of it became pertinent.

The order appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.