[Civ. No. 8961. First Appellate District, Division One.—April 5, 1934.]

GEORGE J. LOCKHART, Plaintiff and Respondent, v. MINNIE A. LOCKHART, Defendant and Appellant; JOHN W. LUTER, Defendant and Respondent.

John C. Miles and S. L. Carpenter for Appellant.

Amend & Amend, Arthur G. Baker, John W. Luter and Schweitzer & Hutton for Plaintiff and Respondent.

John W. Luter, *in pro. per.*, for Defendant and Respondent.

GRAY, J., *pro tem.*—On August 22, 1922, respondent executed and delivered to his mother, the appellant, a written assignment, absolute in form, transferring all his interest in a trust created by his father's will. His complaint alleged that such assignment was intended only as security for specified sums of money then and subsequently advanced. Her answer claimed that such assignment was intended as a sale of his interest and that she had advanced specified sums, exceeding in amount those alleged by him. The court determined that the assignment was given as security for several advances, totaling $15,500, which, with interest, amounted to $19,210.40. Appellant raises but two questions, which will be discussed in order.

First: Appellant claims that, contrary to the evidence, the judgment fails to include a debt of $3,000 with interest. It is undisputed that at the date of the assignment the parties agreed that respondent was indebted to appellant in the sum of $3,000; that on July 26, 1927, he executed and delivered to her his promissory note for $8,620; that on July 27, 1929, he executed and delivered a second note for $4,000 and that, subsequently, she paid his creditor, at his instance and request, the sum of $2,950. Obviously the judgment intended to determine that the last three debts were secured by the assignment, but, through faulty addition, their total as stated is short $70 of the correct amount. Respondent's brief frankly calls attention to this error and requests the judgment's correction by adding this shortage to the amount secured. If, as appellant contends, the evidence, without conflict, shows that the debt of $3,000 was not merged into the note for $8,620, the judgment must be corrected by adding to the sum of $19,210.40, the sum of $3,000 plus interest, but if, as respondent argues, there is any evidence, though contradicted, which discloses that such debt was so included, the amount of indebtedness specified in the judgment must stand. It is conceded that respondent received $5,000 at the execution of the note for $8,620 and that the difference between the principal of such note and such amount so received consisted of existing debts due from

respondent to appellant. Respondent testified that on March 25, 1925, his mother loaned him $2,250, and on December 14, 1925, $500, each loan being evidenced by his note, and on August 21, 1925, gave a check for $439.33 to his then attorney for his use and benefit. Since respondent does not claim that the original debt for $3,000 was ever paid, except by its inclusion in the note for $8,620, there is no dispute between the parties that the existing debts, at the time of the execution of the note for $8,620, amounted, exclusive of interest, to the total of $6,189.33. Appellant's attorney, who procured the execution of the note for $8,620, testified that respondent and he agreed upon its principal by adding to the sum of $5,000 then paid, the total of the loans for $2,250 and $500 and the check for $439.33. The subtraction of the total of these four amounts from the principal of the note leaves $430.67 which might be accounted for by the interest due on the last three debts, but which is insufficient to satisfy the original debt for $3,000. Respondent did not deny or contradict the attorney's testimony and did not expressly testify that the sum of $3,000 was included in the sum of $8,620 or that there was any dispute as to his indebtedness which would require a settlement of accounts. He merely testified that the principal of the note represented the total amount he owed his mother. The burden of proving payment of the debt of $3,000 rested upon his shoulders. In absence of any dispute there could not be any settlement which resulted in an accord and satisfaction. It is clear therefore that the evidence shows, without conflict, that the original debt of $3,000, with interest, was erroneously omitted from the amount secured by the assignment.

Second: The appellant claims that the court erred in refusing to allow, upon the ground it was a privileged communication, one of her attorneys, who, as respondent's attorney had negotiated the execution and delivery of the assignment, to testify that he, over the telephone, but in respondent's presence, had told the attorney for the trustee that an absolute assignment would be made. Although the attorney who was testifying was denied the right to make an offer of proof, the purport of his proposed testimony was adequately disclosed by the offer previously made by appellant's other attorney. Such communication to a third party was not privileged and the testimony should have been

admitted. (*Bell* v. *Staacke,* 159 Cal. 193 [115 Pac. 221]; *Title Ins. etc. Co.* v. *California Dev. Co.,* 171 Cal. 173 [152 Pac. 542].) But the erroneous exclusion of this evidence was harmless because the introduction of the assignment, which was in the absolute form promised in the communication, amply proved the same fact as the excluded testimony tended to establish (2 Cal. Jur. 1022).

Therefore, the judgment is affirmed, each party to pay his or her own costs, with instructions to correct the amount, due and secured by the assignment, by adding thereto said sum of $3,000 with interest and said shortage of $70 with interest.

Knight, Acting P. J., and Cashin, J., concurred.