[Civ. No. 28292.   Second Dist., Div. Two.   Jan. 21, 1965.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. CARMELO QUINONES-QUINTANA et al., Defendants and Respondents.

Harry S. Fenton, R. B. Pegram, Joseph A. Montoya and Charles E. Spencer, Jr., for Plaintiff and Appellant.

Fadem & Graves and Jerrold A. Fadem for Defendants and Respondents.

FOX, J.*—This is an action in eminent domain.

After a jury trial, judgment was entered in September 1963 awarding defendants $160 for the property taken and $2,500 severance damages. The People moved for a new trial. On October 3, 1963, the court ruled on the motion by signing and filing the following order:

"It appearing to the satisfaction of the Court that the evidence is insufficient to justify the amount of severance damages awarded by the verdict herein,

"Now, THEREFORE, IT IS ORDERED that if within ten (10) days from the date hereof defendants Carmelo Quinones-Quintana and Hilda Quinones-Quintana file their written consent to a modification of judgment so that the same will award severance damages to said defendants in the sum of Fifteen Hundred Dollars ($1,500.00), the judgment shall be modified accordingly and plaintiff's motion for a new trial be and it is hereby denied. *If said defendants fail to file said written consent to modification, as above set forth, within said time,* then and in that event plaintiff's motion for a new trial will be, and the same is hereby granted on the sole issue of severance damages on the ground of insufficiency of the evidence to justify the amount of severance damages awarded by the verdict rendered herein.

"Dated: October 3, 1963.

"/s/ Philip H. Richards

"Judge of the Superior Court"

(Italics added.)

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Defendants received a copy of this order by mail from the clerk on October 4. On October 10 plaintiff mailed defendants a notice of the order of October 3, quoting it in full. On October 21 defendants filed their consent to a reduction of the severance damages to $1,500. Plaintiff filed a memorandum for setting and the case was set for trial in April 1964. Defendants, however, made a motion to prevent further trial of the action. Their motion was granted on December 13, 1963. It is from this order that plaintiff has appealed.

The question here presented is: Did the time to file a consent to a reduction of the judgment expire at the end of 10 days after the order of October 3 was signed and filed? We are of the opinion this question must be answered in the affirmative.

First, we examine the language of the order. It is clear and specific. It states that "if within ten (10) days from the date hereof" defendants file their written consent to a modification of the judgment by reducing the severance damages to $1,500, the motion for a new trial is denied. On the other hand "If said defendants fail to file said written consent to modification . . . within said time," then the motion for a new trial is granted. Defendants admittedly did not file their consent to a modification of the judgment within the 10 days from the date said order was made and filed. Upon the failure of defendants to file their consent within the specific time, "Plaintiff's motion for a new trial will be, and *the same is hereby granted. . . ."* (Italics added.) Thus by the express terms of the order of October 3, a new trial was automatically granted upon the expiration of the 10-day period since defendants did not file a consent to modification "within said time." (*Gloria* v. *A. Colonia Portuguesa,* 128 Cal.App. 640, 642-643 [18 P.2d 87].)

Defendants seek to escape the plain language of the order of October 3 by arguing that they were entitled to notice of the ruling on the motion for a new trial and to 10 days after such notice within which to file their consent. The fallacy of their argument is that no statute or decision, so far as we are advised, requires that the prevailing party on a motion for a new trial must give notice to the unsuccessful party of the court's ruling. A close analogy, however, is found in the effect of entry of judgment on the time within which a notice of appeal must be filed. Notice of entry of judgment need not be given but the court will dismiss the

appeal if the notice of appeal is filed more than 60 days after the entry of judgment. (*Estate of Hanley,* 23 Cal.2d 120-123 [142 P.2d 423, 149 A.L.R. 1250]; *County of Los Angeles* v. *Jamison,* 189 Cal.App.2d 267, 269 [11 Cal.Rptr. 309].)

■ The general rule in matters of this character is that parties and their attorneys are bound to take notice and inform themselves of the court's ruling without assistance from adverse parties. (*Bell* v. *Staacke,* 148 Cal. 404, 407 [83 P. 245].)

In the instant case defendants were not without knowledge that the court had ruled on the motion for a new trial and the terms of its order. They admit that on October 4 they "received a copy by mail of the court's order from the court clerk." While that was what might be termed a "courtesy" notice and did not start any time period to running, it nevertheless should have alerted them to the necessity of exploring and initiating promptly whatever action they desired to take. They had nine days in which to act, but they did nothing. Furthermore, plaintiff mailed defendants' notice of the order on October 10 which they presumably received October 11. By this notice they knew they must act in a couple of days if they desired to close the matter by filing a written consent to modifying the judgment. Still they did nothing.

■ Having failed to act within the time specified in the court's order of October 3 and a new trial having been granted by the specific terms of said order because of the failure of defendants to file their consent to a reduction of the judgment within the required time, it follows that their consent filed on October 21 was not timely and was therefore ineffective.

The order of December 13, 1963, "preventing further trial" of this action is reversed.

Roth, P. J., and Herndon, J., concurred.