## ·TAYLOR *v.* TAYLOR ET AL.

No. 3107

May 31, 1935.                     45 P. (2d) 603.

*Hawkins, Mayotte & Hawkins,* for Respondents:

*Milton B. Badt,* for Appellant:

## OPINION

By the Court, COLEMAN, J.:

On March 28, 1935, respondent filed notice of motion to the effect that the appeal from the judgment be dismissed; that the appeal from the order denying appellants' motion for a new trial be dismissed; that the order denying appellants' motion for a new trial be affirmed; that all portions of the record not being properly a part of a judgment roll be stricken.

The ground for the motion to dismiss the appeal and affirm the order denying the motion for a new trial is that there is not in the bill of exceptions settled by the court a motion for a new trial. The motion to dismiss the appeal from the judgment is based upon the ground that there is not before us a judgment roll, as contemplated by section 8829 N. C. L.

Subsequent to the filing of the notice of motions mentioned, counsel for appellant filed and served notice of motions to the effect that he would move to have the bill of exceptions in the case remanded to the trial court for correction and amendment, so as to include therein the motion for a new trial which it is claimed was made in the trial court. At the time set for hearing, the respective parties made motions in conformity with their notices of motions.

Counsel for appellant supports his motion by his affidavit to the effect that a motion was made and denied. Counsel for respondent has filed counter affidavits and a certificate of the clerk to the effect that no motion for a new trial was made.

█ We will consider first the contention of respondents to the effect that there is no judgment roll in the record. The trial judge settled a bill of exceptions which contains all of the documents constituting the judgment roll and the proceedings, including the evidence. It is true there is nothing in the bill of exceptions designated "judgment roll." We do not think that is necessary. Subsection 1(b) of section 2, chapter 88, Statutes 1927 (section 9400 N. C. L.), provides:

"Whenever the judgment roll, or the papers making up the judgment roll, shall be incorporated in a bill of exceptions, it shall not be necessary to take to the supreme court any separate copy of the judgment roll."

This disposes of the first contention of counsel for respondent, as we held in Orleans M. Co. v. Le Champ M. Co., 52 Nev. 85, 280 P. 887.

■ The next question we will consider is appellants' motion to remand the bill of exceptions for amendment and correction. While the showing made by the respective parties is conflicting as to whether or not a motion for a new trial was made in the trial court, the bill of exceptions recites: "and defendants' motion for a new trial, coming on regularly to be heard * * *. It was further ordered that the defendants' motion for a new trial be and the same is hereby denied."

This record shows that a motion for a new trial was made. Furthermore, one of respondents' motions is to affirm the order denying appellants' motion for a new trial. In view of the recital in the bill of exceptions, we must conclusively presume that a motion for a new trial was made. In view of this situation, should we remand the record for correction and amendment? Unquestionably we should. Brockman v. Ullom, 52 Nev. 267, 286 P. 417.

There is nothing in Shirk v. Palmer, 48 Nev. 449, 232 P. 1083, 236 P. 678, 239 P. 1000, in conflict with the conclusion we have reached, since we held in that case that the bill of exceptions had not been settled as provided by law; in other words, there was no bill of exceptions to settle. Nor is there anything in Brearley v. Arobio et al., 54 Nev. 382, 12 P. (2d) 339, 19 P. (2d) 432, in conflict with the conclusion here reached. In that case there was not in the record a motion for a new trial, which could only have been brought up in a bill of exceptions. No motion was made in that case, as in this, to remand the bill of exceptions for correction and amendment, which distinguishes it from the instant case.

It is ordered that the bill of exceptions on file in this case be remanded by the clerk of this court to the clerk

of the Second judicial district court of Nevada, in and for Washoe County, for correction and amendment by the court, in its discretion, so as to make it speak the truth as to the matters urged by appellants.

It is further ordered that all of the motions of respondents be denied, without prejudice to their renewal within ten days after said bill of exceptions is returned to this court and written notice thereof is given respondents.