DONALD F. TAYLOR, Respondent, *v.* A. C. TAYLOR
Et Al., Etc., Appellants

FRANCIS B. TAYLOR, Respondent, *v.* A. C. TAYLOR
Et Al., Etc., Appellants

No. 3107

November 4, 1937.                    72 P. (2d) 1105.

*Milton B. Badt,* for Appellants:

*Prince A. Hawkins* and *Hawkins, Mayotte & Hawkins,* for Respondents:

**OPINION**

By the Court, COLEMAN, C. J.:

This case was previously before us. 56 Nev. 100, 45 P. (2d) 603. At that time we ordered the bill of exceptions remanded for correction, without prejudice to the renewal of respondents' motions. Since its correction and return to this court, counsel for respondent has made a motion to strike portions of the record, including the bill of exceptions, and to dismiss the appeal. Counsel for appellant has made a counter motion to remand the bill of exceptions for further correction and amendment.

Counsel for respondent, in the last-mentioned motion, sets forth grounds not contained in their first motion, notwithstanding the order of the court, in giving permission to again move, limited the grounds of such new motion. Notwithstanding this fact, it is sought to have the bill of exceptions stricken and the appeal dismissed for a defect which existed when the first motion was made.

■ We do not deem it necessary to dispose of the contention of appellant that respondent waived the grounds of the motion not contained in the first motion, though we are inclined to the view that the contention as to waiver is good. Miller v. Walser, 42 Nev. 497, 506, 181 P. 437; Iowa Min. Co. v. Bonanza Min. Co., 16 Nev. 64.

In view of the fact that one of the grounds of the present motion to strike the bill of exceptions, not contained in the previous motion, is not only well taken but will probably dispose of this case unless the counter motion is disposed of, or unless we finally hold that the contention was waived, we will consider such counter

motion. The motion now made by respondent is to strike the bill of exceptions for the reason that it was not filed within the time provided by law.

The counter motion sets forth copies of two orders of the trial court extending the time for the filing and serving of the proposed bill of exceptions, attached to which are copies of said orders certified to by the clerk of the court. In addition thereto, there is an uncontradicted affidavit of counsel for appellant, setting forth correspondence and telegrams which passed between him and counsel for respondent.

■ In this connection, it is contended by respondent that the orders were ex parte orders and that no copy of the orders extending the time for filing and serving a bill of exceptions was served upon respondent, hence such orders are invalid. We do not deem it necessary to pass upon the point made. If the point has any merit, it should have been made in the lower court in apt time. Such not being the case, the point must now be deemed waived.

■ Counsel for respondent rely upon the case of Peri v. Jeffers, 53 Nev. 49, 292 P. 1, 293 P. 25, 298 P. 658, as an authority justifying a refusal of the application to remand the bill of exceptions. That case is not in point; there was no application to remand the bill of exceptions for correction or amendment, but a motion for a diminution of the record. The purpose of a bill of exceptions is to embody in the record proceedings which are not a part of the record proper, whereas an order for a diminution of the record is to bring up something which is a part of the record proper but omitted therefrom. In the case mentioned, the court refused to order up what was not a part of the record proper.

If the trial court made the orders contended for and certified to by the clerk, they should be in the bill of exceptions. The trial court, only, can determine if these orders were in fact made.

■ It is ordered that the bill of exceptions on file in this case be remanded by the clerk of this court to the clerk of the Second judicial district court, in and for Washoe County, Nevada, for correction and amendment by the court, in its discretion, so as to make it speak the truth as to the matters in question, unless counsel for respondents stipulate within ten days that the said bill of exceptions be deemed amended as sought by appellant.

It is further ordered that, in case of refusal of respondents to stipulate, and of the amendment of said bill of exceptions by the trial court, all costs incident thereto be taxed to respondent.

It is further ordered that all of the motions of respondent be denied, without prejudice to their renewal within ten days after said bill of exceptions be returned to the clerk of this court and written notice thereof is given respondent. In case of a stipulation as to such bill of exceptions, respondents shall have ten days from the date thereof in which to renew their motion.