A. C. TAYLOR, ET AL., ETC., APPELLANTS, *v.* DONALD F. TAYLOR, RESPONDENT.

A. C. TAYLOR, ET AL., ETC., APPELLANTS, *v.* FRANCIS B. TAYLOR, RESPONDENT.

No. 3107

December 6, 1938.                    84 P. (2d) 709.

*Milton B. Badt,* for Appellants.

*Prince A. Hawkins* and *Hawkins, Mayotte & Hawkins,* for Respondents.

## OPINION

By the Court, COLEMAN, C. J.:

This case is before us for the third time on motions to strike and dismiss. See 56 Nev. 100, 45 P. (2d) 603, and 58 Nev. 149, 72 P. (2d) 1105.

There are three separate and distinct documents comprising the motions now before us. The one we will first consider is a motion to strike portions of the bill of exceptions.

The next motion which we will consider is the one

directed to the document entitled "Order correcting and amending minutes and records."

We will take up for consideration finally the motion to strike a document filed in this court February 20, 1937, entitled "Submission of Transcript of Proceedings in District Court in Opposition to Sundry Motions to Strike and Motion to Dismiss Appeal."

On January 4, 1938, counsel filed a stipulation herein to the effect that the record on appeal "may be, and the same hereby is, deemed to be amended and supplemented by adding thereto, and incorporating therein," the order of the trial court of October 22, 1934, extending the time of appellant in which to file a bill of exceptions, to and including November 1, 1934, and that respondent might renew his motions, in pursuance of the order of this court as made in said last-mentioned opinion.

Thereafter counsel for respondent made motions to strike and to dismiss. The motions thus made were identical with the motions made in the early part of 1937, which were before us and under consideration when we filed our last opinion in this case on November 4, 1937.

The record now before us is a bill of exceptions which contains all of the documents which may be comprised in a judgment roll, plus the evidence in the case and other documents.

On February 15, 1935, the trial judge settled the bill of exceptions.

The papers constituting the judgment roll being embraced in the bill of exceptions, they are entitled to be considered as though filed in the case as a separate document (Taylor v. Taylor, 56 Nev. 100, 45 P. (2d) 603), and if the bill of exceptions, as amended, was settled in apt time, it cannot be stricken and must be considered in determining the merits of the case. In view of the stipulation of January 4, 1938, whereby the order of the trial court of October 22, 1934, extending the time for the filing of a bill of exceptions to November 1, 1934,

is deemed to be incorporated therein, it appears on the face of the bill of exceptions that it is complete in every detail. If this is true, this court has acquired jurisdiction to hear and determine this case on the merits.

We feel, in view of the fact that the papers constituting the judgment roll are in a bill of exceptions, properly settled, that we would be justified in denying the motions without further consideration.

But it is contended by counsel for movant that the order of October 22 is an ex parte order, and that no copy thereof was served upon respondent, hence the bill of exceptions should be stricken. In support of this contention, our attention is directed to District Court Rule 36 and to the cases of O'Neill v. Vasiliou, 51 Nev. 236, 274 P. 1, and Beco v. Tonopah Extension M. Co., 37 Nev. 199, 141 P. 453.

The court rule in question provides that in case of objections no ex parte order shall be valid unless written notice thereof is promptly given to such opposing party.

We think the contention must be rejected. The order complained of was made October 22, 1934. The record does not show whether or not the order was made ex parte. In the O'Neill v. Vasiliou case a motion was made in the trial court attacking the order as being ex parte and for the reason that no notice thereof was given. In the Beco Case, counsel who obtained the order frankly admitted that it was an ex parte order and that no notice thereof had been given. The question was raised in that case in the trial court also. Counsel could have attacked the order complained of here in the trial court; that was the place to do so. Furthermore, we think that by entering into the stipulation of January 4, 1938, counsel for respondents must be deemed to have stipulated that the order in question was valid, for if it was an invalid order it was without force and effect. All objections to the correctness of a bill of exceptions must be made in that court, and not in this court. Every presumption will be indulged by

this court in favor of the regularity of the proceedings in the trial court. The contention of counsel must be rejected.

■ Coming now to the third and last motion stated above—the one to strike the document filed in this court on February 20, 1937, entitled "Submission of Transcript of Proceedings in District Court in Opposition to Sundry Motions to Strike and Motion to Dismiss Appeal."

The transcript of the proceedings shows what transpired at the hearing in the trial court upon the application of appellant to amend the bill of exceptions so as to make it show that a motion for a new trial was actually made in the trial court upon the grounds stated in the motion.

The court entered an order in the case that the bill of exceptions be corrected so as to show the facts. The document in question has no place in the record and should be stricken.

What we have said disposes of all of the motions.

It is ordered that the document last referred to be stricken. It is further ordered that all other motions of respondent be and are hereby denied.

It is also ordered that appellants have twenty days from the service of a copy hereof in which to serve and file their opening brief on the merits in the case; that respondents have twenty days in which to serve and file their answering brief; and that appellants have ten days thereafter in which to serve and file their reply brief.