THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT, v. VICTOR A. PINSON, ET AL., APPELLANTS.

No. 3546

January 24, 1949.                                 201 P.2d 1080.

*Carville & Carville,* of Reno, for Appellants.

*Alan Bible,* Attorney General and *Geo. P. Annand* and *Homer Mooney,* Deputy Attorneys General, for Respondent.

## OPINION

By the Court, BADT, J.:

Respondent has moved to strike the reporter's transcript on the ground of late filing. A former motion on different grounds was heretofore denied by this ocurt. State ex rel. Department of Highways v. Pinson, 65 Nev. 510, 199 P.2d 631. Reference is made to the opinion in that case. Appellants object to our consideration of this second motion because of the absence of showing of any reason why the matters were not included in the first motion. They contend that respondent is splitting motions where complete relief could have been granted upon one motion; that its grounds not urged in the first motion should be deemed waived; that the general rule is that a second motion should not be allowed permitting additional objections, by installments, without excuse for not presenting them in the former motion, and cite, among other authorities: 37 Am.Jur. 504, Motions, Rules, and Orders, sec. 6, 42 C.J. 521, Motions and Orders, sec. 183; Hart v. Walker, 77 Ind. 331; King v. Pony Gold-Min. Co., 24 Mont. 470, 62 P. 783;

Dellwo v. Petersen, 34 Idaho 697, 203 P. 472; 4 C.J.S., Appeal and Error, sec. 1379, page 2002. Appellants also point out that striking out the transcript would be tantamount to dismissing the appeal. The authorities cited would seem to support appellants' contention, though, as respondent points out, most of them deal with motions in the trial court.

Respondent cites the case of City of Fallon v. Churchill County Bank Mortgage Corporation, 57 Nev. 1, 49 P.2d 358, 50 P.2d 944, 54 P.2d 273, 56 P.2d 1211, 59 P.2d 18, in which there were four successive motions before the court. There was a distinct sequence of events in that case, however; whereunder the disposition of each motion led to the succeeding motion—in fact, in disposing of one of the motions the court invited the making of the next motion. The special circumstances of that case deprived it of any value as precedent justifying the renewal of respondent's motion in the instant case.

Respondent also calls our attention to Taylor v. Taylor, 56 Nev. 100, 45 P.2d 603, Id., 58 Nev. 149, 72 P.2d 1105, Id., 59 Nev. 67, 84 P.2d 709, in which there were three successive motions before the court—each being a motion to strike parts of the record and to dismiss the appeal. But upon denying respondent's first motion this court granted the appellant's motion to remand the record to the district court for correction without prejudice to respondent's right to renew his motion after the return of the record to this court. The same thing happened on the occasion of respondent's second motion to strike and to dismiss and appellants' counter motion to remand the record for correction, so that the respondent's second and third motions were made in accordance with a special order of this court preserving such right in respondent. It is interesting to note that in Taylor v. Taylor, as reported in 58 Nev. at page 151, 72 P.2d at page 1106, this court said:

"Counsel for respondent, in the last-mentioned motion, sets forth grounds not contained in their first motion,

notwithstanding the order of the court, in giving permission to again move, limited the grounds of such new motion. Notwithstanding this fact, it is sought to have the bill of exceptions stricken and the appeal dismissed for a defect which existed when the first motion was made.

"We do not deem it necesary to dispose of the contention of appellant that respondent waived the grounds of the motion not contained in the first motion, though we are inclined to the view that the contention as to waiver is good."

■ ■ Respondent, in answering appellants' objections, contents itself in the main with insisting that the matter lies in the sound discretion of the court. We are inclined to exercise that discretion by an order which will permit consideration of the appeal on its merits. See opinion on former motion, supra. We are the more persuaded to this view because the action is one by the state on relation of its department of highways in which the trial court granted the plaintiff's suit for condemnation and fixed the compensation. Respondent conceded at the oral argument of the second motion that there was some force to appellants' objections, but urged that we should reconsider our action in denying respondent's first motion to strike for the reason that we had overlooked certain features of the requirements of our statute governing bills of exceptions and reporters' transcripts in lieu of bills of exceptions. We are satisfied, however, that the opinion on respondent's first motion to strike correctly disposed of all points there raised.

■ Included in the motion now before us is also a motion to strike sundry additional papers on the ground that they do not comprise a part of the judgment roll as defined by statute and are not included in any bill of exceptions settled or allowed by order or stipulation. These papers were not attacked by the first motion nor is any reason assigned for such failure. Appellants'

objections to our consideration of the present motions are well taken.

The motion to strike the transcript upon the new grounds assigned is denied. The motion to strike the additional portions of the record is likewise denied. Each party will pay its own costs incurred in the present motion.

HORSEY, C. J., and EATHER, J., concur.