SEBASTIAN MIKULICH, SEBASTIAN MIKULICH, DOING BUSINESS AS LAS VEGAS-TONOPAH-RENO STAGE LINE, DAVID LEE McCONAGHY, DEFENDANTS AND APPELLANTS, v. MARY ANN CARNER, PLAINTIFF AND RESPONDENT, AND DEWANE BAKER, DEFENDANT AND RESPONDENT.

No. 3640

February 21, 1951. 228 P.2d 257.

*Clarence Sundean* and *Leo A. McNamee*, both of Las Vegas, for Defendants and Appellants.

*Morse & Graves*, of Las Vegas, for Plaintiff and Respondent.

*Bryan & Cory*, and *Edwin J. Dotson*, all of Las Vegas, for Defendant and Respondent.

## OPINION

By the Court, BADT, C. J.:

Three motions have been argued and submitted to the court. The first is a motion to strike the entire bill of exceptions; the second, to strike certain documents therefrom; the third motion is to dismiss the appeal. We dispose of these in the order named.

### MOTION TO STRIKE BILL OF EXCEPTIONS

Pursuant to stipulation, appellants had to and including September 6, 1950 for service and filing of their bill of exceptions. On August 31, 1950 they served on respondent (and by respondent, we refer herein to respondent Mary Ann Carner), in one volume, the transcript of the proceedings certified by the court reporter, and sundry other documents and pleadings, and on the same date delivered the original to the deputy county clerk at her office. The deputy clerk issued to appellants' counsel a receipt for these papers, but did not place filing marks thereon until September 14, 1950, at which time she endorsed the same as having been filed August 31, 1950. From her affidavit it appears that her failure to place the filing marks on the original bill of exceptions on August 31, 1950, was an inadvertence. Respondent's motion to strike the bill of exceptions is based upon the premise that it was not filed until September 14 when the August 31 filing date was stamped thereon—the time for actual filing having expired September 6. We feel that the point has been

determined by this court adversely to the contention of respondent in City of Fallon v. Churchill County Bank Mortgage Corporation, 57 Nev. 1, 11, 45 P.2d 358, 50 P.2d 944, 54 P.2d 273, 56 P.2d 1211, 59 P.2d 18. There the tendered bill of exceptions was deposited with the clerk on April 15, 1935 and was settled by the judge April 22, 1935, but no filing marks upon the original deposit appeared at all. This court said: "To constitute filing it is not necessary that the clerk make the notation of filing, for all that a litigant can do in the matter of filing a document is to deposit it with the proper official and pay or tender the fee therefor, if there be any."[1]

But respondent insists that the bill of exceptions must be stricken for further reasons, namely, that at the time of the service and filing it was neither indexed nor folioed, nor did it contain the instruments comprising the judgment roll nor certain other papers referring to matters after judgment; that, pursuant to an order of the trial judge, appellants were permitted to withdraw the record from the clerk, to the end that such papers might be bound together, indexed and the folios numbered, that the judge did not settle the said bill of exceptions until September 18, 1950; and that under such circumstances the entire bill of exceptions should be stricken. An affidavit on the part of appellants is to the effect that because of the size of the bill of exceptions, especially as enlarged when annexed to a copy of the judgment roll, notice of appeal, undertaking on appeal, etc., as required by sec. 9385.88, N.C.L.1931–1941 Supp., it would result in an unmanageable single volume in violation of rule IV, subd. 3 (requiring bills of exception to be bound in volumes of a size suitable for convenient handling), and that such purpose was accom-

[1]In that case the record was ordered remanded for amendment and when returned, the endorsement of the filing date as of April 15, 1935 appeared thereon.

plished.[2] Respondent indicates that appellants re-edited the bill of exceptions, but appellants' affidavit denies this, except to the extent that the folios were numbered, certain fly sheets added, etc. We find no impropriety or violation of any statute or rule of court in the way the matter was handled. Any violation of the rules growing out of the original failure to number the folios, etc., has been cured and is moot.

Appellants also call attention to the fact that on September 5, 1950 they entered into a stipulation with counsel for respondent, allowing her to September 15, 1950 for service and filing of objections to the bill of exceptions served upon her and that the district judge made an appropriate order upon such stipulation, and that this constituted a waiver on the part of such respondent. Respondent says that at the time of such stipulation she was not aware of the failure of filing marks on the original bill of exceptions and so could not have waived her rights. The asserted waiver has much force, but we find it unnecessary to determine the point. We find no such violation of or failure to comply with our statutes or rules of court to justify striking the bill of exceptions. The motion to strike the bill of exceptions in its entirety is denied.

MOTION TO STRIKE PARTS OF BILL OF EXCEPTIONS

This motion is directed to the documents sought to be stricken as "extraneous documents included in the transcript of record on appeal and which are not a part of the proposed bill of exceptions." These comprise two groups. The papers identified as belonging to the first group and embraced in folios 1 to 53 in the bill of exceptions are: The complaint, demurrer, answer of appel-

---

[2]The three volumes now before us comprise 2,837 folios, indicating approximately 950 pages. They stand six inches high, and would not afford convenient handling in less than three volumes.

lants, minute order overruling demurrer, answer of defendant Baker, reply, verdict, judgment, clerk's certificate of judgment roll and certification of judgment roll. These instruments comprise the judgment roll and are not required to be a part of the bill of exceptions. The second group of papers is identified as comprising the following: Receipt of copy of proposed bill of exceptions, certificate of court settling bill of exceptions, notice of appeal, undertaking on appeal, undertaking to stay proceedings on appeal, undertaking and agreement to stay proceedings on appeal, waiver of statutory undertaking to stay proceedings on appeal and approval of undertakings filed, amended notice of appeal, stipulation (allowing plaintiff to September 15, 1950 for objections to bill of exceptions), and order (approving such stipulation).

Section 9385.88, N.C.L.1931–1941 Supp., reads as follows: "The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment; if the appeal be from an order, such original bill shall be annexed to such order, certified by the clerk or by the parties, and the same shall be and become the record on appeal when filed in the supreme court. A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll."

Under this section the first group of papers attacked by the motion, those comprising the judgment roll, are not required to be settled and allowed as part of the bill of exceptions. Anderson v. Snell, 57 Nev. 78, 58 P.2d 1041, 62 P.2d 703. The same applies to the notice of appeal and the undertakings. The waiver of undertaking cannot be distinguished from the undertaking itself. No purpose will be served by discussing the propriety of attaching the stipulation granting respondent additional time to object to the proposed bill of

exceptions. It may remain. The motion to strike the enumerated documents from the bill of exceptions is denied.

## MOTION TO DISMISS APPEAL

The appeal is from the judgment and from the order denying new trial. The motion is simply "to dismiss the appeal herein." Appellants have treated respondent's motion to dismiss as directed to either or both of the appeals, and we shall so consider it. The motion is based upon the contention that as the case of Mary Ann Carner against appellants was consolidated with the case of Forrest John Purdy against appellants on the ground that "said actions involve common questions of law and fact and that a joint trial and consolidation of said actions would avoid unnecessary costs and delay," and resulted in a judgment in favor of Mary Ann Carner in the sum of $65,000 and a judgment in favor of Forrest John Purdy against the same defendants in the sum of $10,000, pursuant to verdict of the same jury, and as appellants paid, satisfied and discharged the $10,000 Purdy judgment, it follows: "that the satisfaction of the judgment without reservation by said named defendants, appellants herein, in the consolidated case of Forrest John Purdy * * * is an express acknowledgment of liability of said named defendants, appellants herein, of the tortious acts of said named defendants, appellants herein, which the jury in each case found in favor of each plaintiff and against the identical named defendants, appellants herein, and by reason of the fact that said named defendants paid the judgment entered upon the verdict in the case above specified without reservation, and caused full satisfaction" to be entered; and that they therefore "have no right of appeal in the case of Mary Ann Carner" from the judgment on the jury's verdict under the same identical facts tried in the said consolidated action. Respondent urges that there was but one issue in the consolidated action.

The two actions grow out of a traffic accident in which Mary Ann Carner was severely injured and Forest

Elaine Purdy, minor daughter of Forrest John Purdy, was killed. When the cases were at issue the defendants moved "that the above entitled actions be consolidated into one." Mary Ann Carner resisted the motion. Defendant Dewane Baker consented thereto and the court entered an order, not for the consolidation sought, but "that the above entitled causes of action be tried jointly and all of said causes shall be heard and tried together * * *." The cases were heard and tried together, the jury instructed in both cases and separate verdicts were found—for Purdy, as aforesaid, in the sum of $10,000 and for Carner, as aforesaid, for the sum of $65,000. All parties stipulated that instead of making two sets of instructions, one set might be made to be included "in both cases." Not only were there two separate verdicts, but two separate judgments. The satisfaction of the Purdy judgment made no reference to the Carner judgment. By Stats. 1949, chap. 115, p. 151, N.C.L.1943–1949 Supp., section 9025, N.C.L., was amended to read as follows: "§ 9025. Actions May be Consolidated. § 536. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It is patent that three things are there authorized when actions involving common questions of law or fact are pending. (1) The court may order a joint hearing or trial; (2) it may order all the actions consolidated; (3) it may make other orders concerning the proceedings to avoid delay or unnecessary costs. It is conceivable that the court might exercise its discretion in making any one, two or three of the orders contemplated. In the present case it made the single order for

a joint hearing or trial. In support of respondent's contention that the payment of the Purdy judgment is an express acknowledgment of their liability to pay the Carner judgment by reason of the asserted "consolidation," she relies on Stanton v. Superior Court, 202 Cal. 478, 261 P. 1001, 1003. The case is not to any degree in point. Plaintiff had filed two suits against the same defendant, growing out of an alleged violation of the same written instrument. The Supreme Court of California said: "It abundantly appears from the record that the cause of action was single and * * * became one action." Respondent also refers to certain texts. These do not, however, support the contention made. Assuming the identity of the issues of law and fact resulting in the jury's verdict of damages for both plaintiffs against the same defendants, the extent of damage, the extent of recovery, cannot be other than an issue in each action entirely independent of the other.

Respondent contends that "the causes of action in each case merged in the verdict of the jury and the judgment entered thereon," and being so merged, the voluntary payment and satisfaction of one of the judgments was an express acknowledgment of liability to pay both. However, the order that the two causes of action be tried jointly and that they be tried together on the date set for trial did not merge the two suits into a single cause, or change the rights of the parties or make Carner a party to the Purdy suit, or Purdy a party to the Carner suit. Johnson v. Manhattan R. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331, 1345. And see cases cited in footnote 8 in the last citation. The supreme court in so holding in that case and in holding further that "consolidation is permitted as a matter of convenience and economy in administration" without merging the suits, was construing rule 42 of the federal rules of procedure. Title 28 U.S.C.A., p. 405. The Nevada

statute, as amended in 1949 and quoted in full supra, is identical with subdivision (a) of such rule 42.[3] The federal courts have consistently construed such consolidation for the purpose of securing a joint trial on questions of law and fact common to all of them as not having the effect of merging the several causes into a single cause. United States v. Bregler, D.C.N.Y.1944, 3 F.R.D. 378, 379. In that case were consolidated for trial some eight complaints seeking the revocation of the decrees admitting the defendants to United States citizenship on the ground that such decrees were obtained fraudulently. At the conclusion of his opinion, the learned district judge said: "At the argument there was apprehension expressed by one or both of the opposing counsel lest the several causes merge into a single cause. That will not be the effect of the granting of this motion. On the contrary, in the trial of each case the weight of the evidence sought to be adduced, and indeed possibly its ultimate relevancy, are left as open matters for determination by the trial court. See Boston Acme Mines Corporation v. Salina Canyon Coal Co., 8 Cir., 3 F.2d 729."

See also Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 152 A.L.R. 966; Denver City T. Co. v. Norton, 8 Cir., 1905, 141 F. 599, 73 C.C.A. 1; National Nut Co. of Cal. v. Susu Nut Co., D.C.Ill.1945, 61 F. Supp. 86; George v. Leonard, D.C.S.C.1949, 84 F. Supp. 205. We

---

[3]The chairman of the law and legislative committee of the Nevada State Bar in 1949 suggested the amendment of sec. 9025 N.C.L. to conform to sec. 1048 Cal. C.C.P. Nevada State Bar Journal, Jan., 1949, Vol. 14, No. 1, p. 12. Such sec. 1048 Cal.C.C.P. merely provided that actions might "be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right." However, as reported in the same issue of the Nevada State Bar Journal, id. 20, the civil practice committee of the Nevada State Bar recommended the initiation of proceedings for the adoption of a code of civil procedure based upon the present federal rules. In a compliance *pro tanto* with the recommendations of the latter committee, and with the approval of the chairman of the law and legislative committee, our present sec. 9025 N.C.L. was submitted to and passed by the legislature.

see no merit in the last motion, and it is accordingly denied.

All motions of respondents denied. Costs to abide final determination of the appeal.

EATHER, J., concurs.

HORSEY, formerly chief justice, did not participate, his term of office having heretofore expired.

MERRILL, J., did not participate, he having become a member of the court after said matter was argued and submitted.

No. 3640

May 22, 1951. 231 P.2d 603.

## OPINION

### ON MOTION TO DISMISS APPEAL

By the Court, BADT, C. J.:

This is respondent's second motion to dismiss appellants' appeal. We heretofore denied respondent's first motion, which was made upon the ground that appellants had paid a judgment to a different plaintiff whose action had been consolidated for trial with this action, involving the same questions of law and fact, and that such payment was an express acknowledgment of liability of appellants. Mikulich v. Carner, 68 Nev. 161, 228 P.2d

257. The present motion is made upon the ground that appellants have failed to file the statutory cost bond, and we have consented to consider the motion because it is insisted that the purported bond filed by appellants is void and a complete nullity and that therefore this court is without jurisdiction to entertain the appeal. In considering the motion, however, we are not to be understood as deviating from, or in any way limiting, the rule laid down in State ex rel. Department of Highways v. Pinson, 66 Nev. 13, 201 P.2d 1080, condemning subsequent motions attacking the appeal or the record on new and additional grounds which were available to respondent at the time of his former motions.

Appellants filed their notice of appeal from the judgment and from the order denying new trial. Within the statutory period they served and filed their undertaking on appeal.

The undertaking for costs and damages on appeal filed by appellants recited that whereas they had appealed or were about to appeal "from the judgment [describing it] and also from the order of said court denying defendants' motion * * * for a new trial [describing it] now, therefore, in consideration of the premises, and of such appeal," the surety undertakes to pay all damages and costs which may be awarded against the appellants "on the appeal or on a dismissal thereof etc." Respondent insists that the use of the singular "appeal" in the clause obligating the surety leaves the respondent without security for costs in the two appeals and without even security for costs in either of the appeals by reason of the uncertainty resulting from the wording. They rely on our recent opinion in Chance v. Arcularius, 68 Nev. 51, 227 P.2d 198, and the cases therein cited. In that case, however, and also in the Idaho and California cases cited in the opinion, the undertaking recited that whereas the appellant had appealed *from the judgment*, the surety became obligated for payment of damages and costs, etc. There is a very material

difference between the present undertaking and the one we held to be fatally defective. In Chance v. Arcularius we dismissed the appeal reluctantly, and we decline to extend the effect of such case to the present far different one.

Our statutory provision for the undertaking is contained in N.C.L. 9385.68, 1931–1941 Supp., and reads as follows:

"An appeal may be taken from an order granting or denying a motion for a new trial and from the judgment at the same time by giving only one undertaking, in the sum of three hundred dollars, for the costs on appeal; and in the notice of such double appeal it may be stated that the appeal is from both the judgment and the order granting or denying the motion for a new trial, and upon the taking of such double appeal the one undertaking to stay execution in the ordinary form, and in the amount required to stay execution on appeal from the judgment, is sufficient to stay the execution."

There is ample authority for sustaining, under similar statutes, an undertaking on appeals from the judgment and order denying new trial worded precisely as is the present one. Granger v. Robinson, 114 Cal. 631, 46 P. 604, holding the undertaking sufficient because both of the appeals were referred to therein and the bond executed "in consideration of the premises and of such appeal." Bell v. Staacke, 137 Cal. 307, 308, 70 P. 171, 172, emphasizing the reference in the bond to the appeal from the judgment and from the order and the giving of the undertaking "in consideration of such premises." In Buchner v. Malloy, 152 Cal. 484, 92 P. 1029, the court states the precise ground raised here: "The claim of respondent is that the original undertaking was void both as to the appeal from the judgment and the appeal from the order denying a new trial, for the reason that it recites the two appeals, and is expressly limited to one, without designating which one," and declares the

error of such contention to be the assumption that the use of the singular term "appeal" is limited to only one of the appeals. The court then refers to the California practice requiring only one undertaking for both appeals, which corresponds with the Nevada statute quoted in full above. The California court construes the use of the word "appeal" as meaning "the whole appeal * * * namely, the appeal from the judgment and the appeal from the order denying a new trial, thus embracing both appeals." We may in like manner characterize the bond as given on the "double appeal," a term used twice in said sec. 9385.68. To the same effect see Bell v. Staacke, 159 Cal. 193, 115 P. 221; Blaisdell v. Steinfeld, 15 Ariz. 155, 137 P. 555; Kaufman v. Cooper, 38 Mont. 6, 98 P. 504, 1135. Idaho had apparently held contra, but amended its statute in 1907 to remedy the resulting situation. See Martin v. Wilson, 24 Idaho 353, 134 P. 532.

In Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 106 P.2d 751 (appearing in Pacific Reporter under its original title of Magee v. Lothrop), this court, after citing California, North Dakota, and Montana cases to the effect that it is necessary that the undertaking *refer to* each of the appeals and is insufficient if it recites merely the appeal from the judgment, refers to Baker v. Oregon R. & N. Co., 8 Idaho 36, 66 P. 806, which dismissed the appeal because that part of the bond recited both the appeal from the judgment and the appeal from the order. The Idaho case was simply referred to, and this court did not indicate its approval thereof. It was not necessary to the case.

We hold the undertaking in this case to be sufficient. The motion to dismiss the appeal is denied.

After respondent served notice of her motion to dismiss, the court approved, under the provisions of sec. 9385.77 N.C.L., but without prejudice to respondent's

right to move to strike the same, a "rider" to the undertaking, whereunder the surety acknowledged itself obligated on both appeals. Respondent has moved to strike the same, but under the views above expressed it is unnecessary for us to consider such motion.

EATHER and MERRILL, JJ., concur.