ANNE RANDALL, ALICE KEEFER AND THOMAS J. RANDALL, APPELLANTS, *v*. THE SALVATION ARMY, RESPONDENT.

No. 14309

August 24, 1984 686 P.2d 241

---

[Rehearing denied December 24, 1984]

*Wiener, Waldman & Gordon,* Las Vegas, for Appellants.

*Lionel, Sawyer & Collins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a verdict in a will contest. Appellants challenge the validity of a holographic will offered for probate by respondent. The bases for their challenge are that the will was improperly executed and that the testator lacked testamentary capacity at the time the will was executed. Both issues were decided against appellants in the district court. We affirm these decisions.

Appellants, Anne and Thomas Randall and Alice Keefer, are the children and stepchild of the testator, James P. Randall. When the elder Mr. Randall died in February of 1978, he left behind evidence of at least three wills. The first of these, "the children's will," was a copy of a formal will dated October 7, 1969, in which he bequeathed his entire estate to the three children. Appellants petitioned to have this copy admitted to probate as a lost will. The second will is a holographic instrument dated November 2, 1975, in which Randall left the bulk of his estate to his sister, Madge Jacobs. Mrs. Jacobs petitioned for the admission of this will to probate, but only in the event that the later "Salvation Army will" was declared invalid. The third will, and the one with which this appeal is primarily concerned, is a two-page holograph. This will was offered for probate by respondent, the Salvation Army, which is the chief beneficiary under its terms.

The "Salvation Army will" consists of two handwritten pieces of paper, entirely in the handwriting of the deceased and signed at the bottom of the second page. The first page is dated July 8, 1978, and the second page July 6, 1978. This will was found in Randall's safety deposit box after his death, and a copy of it was found in his home safe.

Appellant Anne Randall filed an opposition to the admission of this will to probate, contending that it did not comply with the requirements of NRS 133.090(1) in that it was neither dated nor executed properly.[1] She also claimed that her father lacked testamentary capacity at the time he executed the document. Anne filed a motion for summary judgment, seeking to have the will declared invalid on the basis of the alleged defects in its execution. This motion was denied.

---

[1]NRS 133.090(1) provides:

> A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state and need not be witnessed.

The petitions for probate of the children's will and the Salvation Army will were consolidated for trial. However, by order of the court, no evidence pertaining to the children's 1969 will was to be heard unless the later Salvation Army will was found invalid.

After several days of testimony, the question of Randall's testamentary capacity at the time he executed the Salvation Army will was submitted to the jury for a special verdict. The jury unanimously found that Randall had enjoyed testamentary capacity when he wrote the will.

Appellants first assign error to the trial court's failure to grant summary judgment declaring the will invalid because of the allegedly defective execution of the document. As noted, page one of the will is dated two days later than page two. In addition, the last three lines of page one are condensed, apparently to accommodate the writing on the existing page two. Appellants agree that the most logical explanation for the appearance of the documents is that the two sheets of paper were prepared on different days, the now existing page one presumably having been substituted for another page one which was destroyed.

Appellants contend that the existence of the two dates on the will actually renders the will dateless. We do not agree. The fact that the instrument bears more than one date does not necessarily make its date uncertain or otherwise prevent it from being probated as a holographic will. *See, e.g.,* In re Moody's Estate, 257 P.2d 709, 713 (Cal.App. 1953), in which the court noted that "[i]t is not essential that the entire [holographic] will be written on the same date; its writing need not have been a single, continuous performance."

Neither does the fact that the signature appears only on page two of the will persuade us that it was not executed properly. In the case of In re Dumas Estate, 210 P.2d 697 (Cal. 1949), the court held that additions may be made to a holographic will, if done in the testator's handwriting, without the necessity of resigning or redating, on the theory that the old signature and date are adopted and the several writings are integrated into one document. "[I]ntegration . . . occurs when there is no reference to a distinctly extraneous document, but it is clear that two or more separate writings are intended by the testator to be his will. . . . Thus several writings, connected by sequence of thought . . . folded together . . . or physically forming one document . . . have been admitted to probate as constituting an holographic will." 210 P.2d at 700.

These general rules are clearly applicable in this case. The appearance of the will indicates that the testator intended that the two pages physically form one document. Further, both pages of the will were found together in Randall's safety deposit box after his death, and copies were found in his home safe. It is clear that the testator meant to integrate the two pages into one document, and intended to have it accepted as his will. Accordingly, we conclude that the court did not err in denying summary judgment on the basis of the alleged defects in execution of the document.

During trial on the question of Randall's testamentary capacity, appellants sought to introduce evidence that Randall had converted his stepdaughter's estate in 1954. The trial court ruled that the evidence was too remote, more prejudicial than probative, and would involve the jury in a collateral matter outside the issue of testamentary capacity. This decision was within the discretion of the trial court and will not be disturbed on appeal absent an abuse, not here apparent. NRS 48.035(1); Southern Pac. Trans. Co. v. Fitzgerald, 94 Nev. 241, 577 P.2d 1234 (1978).

The final question which must be addressed is whether it was reversible error for the trial court to exclude Thomas Randall and Alice Keefer from the courtroom during trial on Anne Randall's objection to the probate of the "Salvation Army will." Appellants contend that it was, on the theory that the consolidation of the petitions for probate made them parties to Anne's suit.

The term "consolidation" is used in different senses. One use is where several actions are combined into one, lose their separate identities and become a single action; another is where several actions are tried together but each retains its separate character. Herstein v. Kemker, 94 S.W.2d 76 (Tenn.App. 1936). An order consolidating actions does not necessarily work a merger of the issues and render the litigants parties to each other's suits. See Mikulich v. Carner, 68 Nev. 161, 228 P.2d 257 (1951); Wineglass Ranches, Inc. v. Campbell, 473 P.2d 496 (Ariz.App. 1970). In the instant case, there was no merger of the actions, and the trial court did not err in excluding Thomas and Alice from the court room as nonparty witnesses.

Appellants' arguments regarding other asserted errors are unsupported by citation to relevant authority or are supported

only by citation to legal encyclopedias. We therefore decline to consider them. *See* Smith v. Timm, 96 Nev. 197, 606 P.2d 530 (1980); Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976).

Affirmed.