An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PALACE JEWELRY AND LOAN CO.,
INC.,
Appellant,
vs.
DROR "EFI" ZLOOF,
Respondent.

No. 64465

**FILED**

APR 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order granting summary judgment in an action for a writ of possession and declaratory relief. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

A third party pawned jewelry that she embezzled from Dror "Efi" Zloof. Police recovered the jewelry and placed a hold on seven pieces that the third party had pawned at Palace Jewelry. After police released the hold, Palace Jewelry filed a complaint against Zloof, alleging that it is the rightful owner of the jewelry. Both parties moved for summary judgment, and the district court granted Zloof's motion and denied Palace Jewelry's motion. This appeal followed.

Palace Jewelry's main contention on appeal is that the district court erred by failing to construe and apply Article 2 of the Uniform Commercial Code, NRS 104.2101-104.2725.[1] It attempts to support its

_____

[1]Palace Jewelry did not provide relevant legal authority in support of its "alternative legal argument" that "irrevocable title passed to Palace

*continued on next page...*

15-13001

argument solely with references to Article 2 of the Uniform Commercial Code, as codified in NRS Chapter 104, and NRS Chapter 646. "A single governing statute may be all the support needed to establish a point." *Hernandez v. State*, 117 Nev. 463, 466, 24 P.3d 767, 769 (2001). But in this case the applicability of Article 2 of the Uniform Commercial Code is not readily apparent and Palace Jewelry provides neither relevant legal authority nor cogent argument as to *why* the text of these statutes supports their application to this dispute. More to the point, our independent research shows that "pawnbroking is an activity governed by *Article 9* of the UCC." *In re Schwalb*, 347 B.R. 726, 739-40 (Bankr. D. Nev. 2006) (emphasis added); *see also* 8A Lary Lawrence, *Lawrence's Anderson on the Uniform Commercial Code* § 9-102:151 (3d ed. 2005) ("Article 9 applies to a pledge of personal property."). And Article 9 differs meaningfully from Article 2 and does not, on its face, advance Palace Jewelry's cause in any obvious way.

As the appellant, Palace Jewelry bears the burden of demonstrating reversible error. *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1051, 881 P.2d 638, 644 (1994) ("We will not reverse an order or judgment unless error is affirmatively shown."); *Lawrence v. Burnham*, 4 Nev. 361, 363 (1868) ("The burden of showing error is upon the party alleging it."). This Palace Jewelry has failed to do. Because Palace Jewelry has failed to cite any relevant authority to establish reversible

---

*...continued*

when the redemption time for each of the pawns . . . expired," so this issue does not merit our prolonged consideration. NRAP 28(a)(9); *Randall v. Salvation Army*, 100 Nev. 466, 470-71, 686 P.2d 241, 244 (1984).

error, the district court's order granting summary judgment in favor of Zloof is affirmed.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Patrick Flanagan, District Judge
       Jill I. Greiner, Settlement Judge
       Law Offices of Curtis B. Coulter
       Justice Law Center
       Washoe District Court Clerk