134 Nev., Advance Opinion 105

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF THELMA AILENE SARGE.

ESTATE OF THELMA AILENE SARGE, BY AND THROUGH THE PROPOSED EXECUTRIX, JILL SARGE; AND ESTATE OF EDWIN JOHN SARGE, BY AND THROUGH THE PROPOSED EXECUTRIX, JILL SARGE,
Appellants,
vs.
QUALITY LOAN SERVICE CORPORATION; AND ROSEHILL, LLC,
Respondents.

No. 73286

FILED

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Jurisdictional prescreening of an appeal from a district court order granting a motion to dismiss in consolidated district court cases. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Appeal may proceed.*

Tory M. Pankopf Ltd. and Tory M. Pankopf, Reno,
for Appellants.

McCarthy Holthus LLP and Kristin A. Schuler-Hintz and Thomas N. Beckom, Las Vegas,
for Respondent Quality Loan Service Corporation.

Walsh, Baker & Rosevear and James M. Walsh and Anthony J. Walsh, Reno,
for Respondent Rosehill, LLC.

18-910516

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

By the Court, PICKERING, J.:

In *Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 609, 797 P.2d 978, 980 (1990), this court held that cases consolidated by the district court become a single case for all appellate purposes. By extension, *Mallin* holds that an order that resolves fewer than all claims in a consolidated action is not appealable as a final judgment, even if the order resolves all of the claims in one of the consolidated cases. Based on foundational problems with *Mallin*, the history of NRCP 42(a), and the United States Supreme Court's recent decision in *Hall v. Hall*, 584 U.S. ___, 138 S. Ct. 1118 (2018), we overrule the consolidation rule announced in *Mallin* and hold that an order finally resolving a constituent consolidated case is immediately appealable as a final judgment even where the other constituent case or cases remain pending. Because the order challenged on appeal here finally resolved one of three consolidated cases, it is appealable and this appeal may proceed.

*FACTS AND PROCEDURAL HISTORY*

Appellant estates through proposed executrix Jill Sarge (Sarge) filed a complaint for reentry onto real property, asserting that respondent Quality Loan Service Corporation violated NRS 107.080 with respect to its foreclosure of the property.[1] On the same day, Sarge also filed petitions to set aside the estates. The district court consolidated the three cases, stating that "all future pleadings and papers shall be filed under the real property

---

[1]Sarge later amended the reentry complaint to add respondent Rosehill LLC as a defendant.

 

case number" corresponding to the complaint for reentry. Later, the district court dismissed the reentry complaint, concluding that the trustee complied with applicable law. This appeal from the dismissal order followed.

The docketing statement suggested that the order dismissing the complaint for reentry was not appealable as a final judgment under NRAP 3A(b)(1), because the claims in the consolidated cases appeared to remain pending. *See Mallin*, 106 Nev. at 609, 797 P.2d at 980. We thus ordered appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. After appellants filed their response, the United States Supreme Court decided *Hall v. Hall*, holding that an order resolving one of several cases consolidated pursuant to FRCP 42(a) is immediately appealable. 584 U.S. ___, 138 S. Ct. 1118. We directed the parties to file supplemental briefs discussing the impact of *Hall* on our interpretation of NRCP 42(a); specifically, we asked the parties to address whether in light of *Hall*, cases consolidated in the district court should continue to be treated as a single case for appellate purposes.[2]

Appellants urge us to interpret NRCP 42(a) as the Supreme Court interpreted FRCP 42(a) in *Hall*. They assert that NRCP 42(a) is modeled after FRCP 42(a) and cases interpreting FRCP 42(a) are thus strongly persuasive. Further, one of the cases *Mallin* relied upon, *Huene v. United States*, 743 F.2d 703 (9th Cir. 1984), was overturned by *Hall* and no longer supports the holding in *Mallin*.

---

[2]The district court cites no authority in its order allowing consolidation. It appears that NRCP 42(a) is the only provision permitting consolidation, and the parties do not contend that the cases were consolidated under a different provision. We thus presume that consolidation was ordered pursuant to NRCP 42(a).

Quality Loan asserts that the holding in *Hall* is not binding on this court and the doctrine of stare decisis requires that *Mallin* remain the law. Quality Loan also contends that the holding of *Hall* is not well suited to Nevada and its courts of general jurisdiction. Rosehill argues that *Hall* did not overrule *Huene* and has no application to this court's decision in *Mallin*.

## DISCUSSION

In *Mallin*, the court sua sponte questioned whether an order resolving one of two consolidated cases is appealable as a final judgment without a certification of finality under NRCP 54(b). 106 Nev. at 608-09, 797 P.2d at 980. The court answered in the negative based on policy considerations. Allowing an appeal before the entire consolidated action was resolved, the court reasoned, could complicate the district court proceedings and cause duplication of efforts by the appellate court. *Id.* at 609, 797 P.2d at 980. The district court, it concluded, "is clearly in the best position to determine whether allowing an appeal would frustrate the purpose for which the cases were consolidated." *Id.* Accordingly, "when cases are consolidated by the district court, they become one case for all appellate purposes." *Id.* Under this rule, an order resolving fewer than all claims in a consolidated action is not an appealable final judgment unless it is certified as final under NRCP 54(b). *Id.*

The court in *Mallin* did not acknowledge the rule allowing consolidation, NRCP 42(a). But analyzing consolidation must necessarily start with the rule authorizing it. And as discussed below, NRCP 42(a) does not support the result reached in *Mallin*.

This court applies the rules of statutory interpretation when interpreting the Nevada Rules of Civil Procedure. *In re Estate of Black*, 132 Nev. 73, 76, 367 P.3d 416, 418 (2016). Rules are enforced as written if their

text is clear. *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004). If a rule is ambiguous, we consult other sources to decipher its meaning, including its history. *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) (citing *McKay v. Bd. of Supervisors*, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986)). "When a legislature adopts language that has a particular meaning or history, . . . a court may presume that the legislature intended the language to have meaning consistent with previous interpretations of the language." *Beazer*, 120 Nev. at 580-81, 97 P.3d at 1135-36.

> NRCP 42(a) states:
>
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Before *Mallin*, this court recognized the ambiguity of the term "consolidation." The term can mean that "several actions are combined into one, lose their separate identities and become a single action" or that "several actions are tried together but each retains its separate character." *Randall v. Salvation Army*, 100 Nev. 466, 470, 686 P.2d 241, 243 (1984). Based on this ambiguity, the court must consider the history of the rule to decipher the meaning of consolidation.

Before adoption of the Nevada Rules of Civil Procedure, consolidation was permitted under Nevada Compiled Laws § 9025 (Supp. 1943-1949). This law was based on the Federal Rules of Civil Procedure and contained the exact language found in FRCP 42(a). *Mikulich v. Carner*, 68 Nev. 161, 169-70, 228 P.2d 257, 261 (1951). In *Mikulich*, this court considered the effect of Nevada Compiled Laws § 9025 on cases joined for

trial.    The respondent argued that because two cases against defendants/appellants were consolidated in the district court, the same jury rendered verdicts against defendants/appellants, and defendants/appellants paid one of the judgments without reservation, defendants/appellants admitted liability and had no right of appeal from the judgment in favor of respondent. *Id*. at 169, 228 P.2d at 262. The *Mikulich* court rejected the respondent's argument, noting that the district court had not consolidated the actions, but joined them together for trial, and such joinder did not merge the two cases into a single case. *Id*. at 168-69, 228 P.2d at 260-61. In support, *Mikulich* cited *Johnson v. Manhattan Railway Co.*, 289 U.S. 479 (1933), where the United States Supreme Court, construing FRCP 42(a), held that consolidation does not merge suits. *Id*. at 169, 228 P.2d at 261. The *Mikulich* court recognized that Nevada Compiled Laws § 9025 was identical to FRCP 42(a) and the federal courts consistently held that consolidation for the purpose of joint trial does not merge the cases into a single cause of action. *Id*. at 169-70, 228 P.2d at 261.

Thus, when Nevada adopted its Rules of Civil Procedure in 1952, this court had already held in *Mikulich* that joinder for trial under Nevada Compiled Laws § 9025 does not merge two suits into a single suit and cited with approval authority holding that consolidation under a rule containing language identical to § 9025 did not result in merger. The language of Nevada Compiled Laws § 9025 carried over to NRCP 42(a), unchanged. *Compare* Nev. Compiled Laws § 9025 (Supp. 1943-1949), *with* NRCP 42(a) (1953). And nothing in the discussions regarding the adoption of the Nevada Rules of Civil Procedure indicates that any changes to the meaning of consolidation were intended. To the contrary, the discussions contain numerous recommendations that Nevada's rules be based on the

federal rules. *E.g., Report of Committee on Civil Practice*, Vol. 16, No. 1 Nev. State Bar Journal, Jan. 1951, at 20-22; *Proceedings of the Twenty-Third Annual Meeting of the State Bar of Nevada*, Vol. 16, No. 2 Nev. State Bar Journal, Apr. 1951, at 76-77, 101. Accordingly, it is proper to presume that the meaning of the rule under NRCP 42(a) was consistent with the interpretation given to it under Nevada Compiled Laws § 9025.[3] *See Beazer*, 120 Nev. at 580-81, 97 P.3d at 1135-36. *Mallin* did not acknowledge the history of NRCP 42(a) or this court's opinion in *Mikulich*.

Compounding the problem, the federal cases relied upon in *Mallin* have now been overruled. In *Hall v. Hall*, 584 U.S. ___, 138 S. Ct. 1118 (2018), the United States Supreme Court considered whether an order that resolves fewer than all the claims in a consolidated action is appealable as a final judgment absent certification from the district court. The Supreme Court first determined that the term "consolidate," as used in FRCP 42(a), is ambiguous; it can mean "the complete merger of discrete units" or "joining together discrete units without causing them to lose their independent character." *Id.* at ___, 138 S. Ct. at 1124-25. It therefore turned to the historical meaning of the term, reaching back to the enactment of the first consolidation statute in 1813. *Id.* at ___, 138 S. Ct. at 1125-31. Citing several cases, including *Johnson*, the Supreme Court concluded "that constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Id.* at ___, 138 S. Ct. at 1131.

"[U]nder the doctrine of stare decisis, [this court] will not overturn [precedent] absent compelling circumstances for so doing. Mere

---

[3]NRCP 42 was amended in 1971, but the amendment affected only NRCP 42(b).

disagreement does not suffice." *Adam v. State*, 127 Nev. 601, 604, 261 P.3d 1063, 1065 (2011) (alterations in original) (quoting *Sec'y of State v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008)). We are reluctant to depart from the doctrine of stare decisis; however, we will not adhere to it so stringently "that the . . . law is forever encased in a straight jacket." *Id.* (quoting *Rupert v. Stienne*, 90 Nev. 397, 400, 528 P.2d 1013, 1015 (1974)). Given that *Mallin* did not consider the rule authorizing consolidation or acknowledge relevant case law and that the federal cases it relied on have since been overruled, *Mallin*'s holding that consolidated cases become one case for appellate purposes is no longer sound. In addition, the Supreme Court's decision in *Hall* interpreting FRCP 42(a) is "strong persuasive authority" regarding the interpretation of NRCP 42(a). *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (internal quotation marks omitted). For these reasons, we conclude weighty and compelling circumstances exist warranting the departure from the doctrine of stare decisis. *See Burk*, 124 Nev. at 597, 188 P.3d at 1124; *Nettles v. Rumberger, Kirk & Caldwell, P.C.*, ___ So. 3d ___, 2018 WL 4174681 (Ala. Aug. 31, 2018) (overruling prior case law construing Alabama Rule of Civil Procedure 42(a) and adopting the Supreme Court's decision in *Hall*). We thus overrule our decision in *Mallin* to the extent it holds that cases consolidated in the district court become a single case for all appellate purposes. Consolidated cases retain their separate identities so that an order resolving all of the claims in one of the consolidated cases is immediately appealable as a final judgment under NRAP 3A(b)(1).

The district court order challenged in this appeal completely resolved the reentry complaint. Accordingly, the order is appealable under NRAP 3A(b)(1), and this appeal may proceed. Appellants shall have 60 days

Supreme Court
OF
Nevada

(O) 1947A

from the date of this opinion to file and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1). We caution the parties that failure to timely file briefs may result in the imposition of sanctions. NRAP 31(d).

_____, J.
Pickering

We concur:

_____, J.
Gibbons

_____, J
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A