**Dave WESTLEY, Plaintiff and Appellant,**

v.

**FARMER'S INSURANCE EXCHANGE, dba Farmer's Insurance Group, Deveaux Clark and Clark Young, Defendants and Respondents.**

No. 18225.

Supreme Court of Utah.

April 21, 1983.

Lambertus Jansen, Salt Lake City, for plaintiff and appellant.

Warren Patten, Salt Lake City, for defendants and respondents.

PER CURIAM:

This is an appeal from pretrial rulings of the trial court in an action between an insurance agent and his company (hereinafter "Farmer's").

In May, 1978, plaintiff became an agent for Farmer's. The parties signed a contract which set forth the terms and conditions of their relationship. Although not mentioned in the contract, Farmer's assigned plaintiff certain policies known as "500 series,"[1] for which plaintiff received renewal commissions.

In the spring of 1979, plaintiff entered into a partnership with one Joseph Boberg as a private investigator. Thereafter, he admittedly worked only part-time for Farmer's. In September, the partnership was moved to the third floor of a building in downtown Salt Lake City. The telephone was answered "law office" and later, "Boberg Westley." Farmer's advised plaintiff that it objected to the location of plaintiff's office, the manner in which the telephone was answered, and plaintiff's part-time status. When plaintiff failed to remedy the situation, Farmer's withdrew from plaintiff the "500 series" policies and reassigned them to another agent.

On April 23, 1980, plaintiff filed a complaint setting forth two counts. In the first count, plaintiff alleged that Farmer's had breached its contract with him in taking the "500 series" policies from him. In the second count, plaintiff alleged that Farmer's had defamed him. Depositions were taken and in November, 1981, Farmer's moved for summary judgment on both counts. Shortly thereafter, plaintiff retained new counsel who immediately moved for a continuance of the trial scheduled for January 13, 1982. Plaintiff also moved to amend the complaint to include an allegation that Farmer's had maliciously removed plaintiff's name from the list of agents in the telephone directory. After a hearing, the trial court entered an order which (1) denied plaintiff's motion to amend; (2) granted Farmer's motion for summary judgment on the first count of plaintiff's complaint; and (3) denied Farmer's motion for summary judgment on the second count of plaintiff's complaint. At a subsequent settlement conference, plaintiff agreed to dismiss the second count.

On appeal, plaintiff contends that the court erred in not allowing him to amend his complaint. Although Rule 15 of the Utah Rules of Civil Procedure tends to favor the granting of leave to amend, the matter remains in the sound discretion of the trial court.[2] On the facts presented, we are not convinced that the trial court abused its discretion in refusing to grant the requested leave to amend. An amendment would certainly have delayed the trial and the substance of plaintiff's new allegation was known a full year earlier when plaintiff discussed it in his deposition.

Plaintiff also contends that the presence of factual issues precludes entry of summary judgment under Rule 56, Utah Rules of Civil Procedure. The integrated contract itself and all evidence as to the parties' understanding thereof clearly indicate that the "500 series" policies were never intended to be part of the agreement. In plaintiff's deposition, the following interchange occurred:

Q. What was your understanding of the 500 policies as far as the company's rights to take them away from you?

A. Well, I understood that as long as you were servicing the policies—or the policyholders—that really there should be no problem. However, I also knew that if the company wanted I suppose they could take them back for just about any reason.

Since there are no significant disputes present as to the contractual relationship of the parties, the summary judgment stands.[3]

Affirmed. No costs awarded.

1. Existing insurance policies written by former agents.

2. *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624 (1960).

3. *Morris v. Mountain States Tel. & Tel. Co.,* Utah, 658 P.2d 1199 (1983).