Anna KELLY, et al., Plaintiffs and Appellants,

v.

UTAH POWER & LIGHT et al., Defendants and Third-Party Plaintiffs,

v.

MORRISON–KNUDSEN COMPANY, INC., Pittsburgh Testing Laboratory, et al., Babcock & Wilcox and Brown & Root, Third–Party Defendants and Respondents.

No. 860157–CA.

Court of Appeals of Utah.

Dec. 15, 1987.

Jackson Howard, D. David Lambert (orally argued), Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

Curtis J. Drake, Michael K. Mohrman (orally argued), Tim Dalton Dunn (orally argued), Hanson, Dunn, Epperson & Smith, Salt Lake City, for third-party defendants and respondent, Brown & Root.

Gary D. Stott, Salt Lake City, for third-party defendants and respondents, Babcock & Wilcox.

Thomas R. Blonquist, Salt Lake City, for plaintiff and appellant, Anna Kelly.

Stuart L. Poelman, Henry K. Chai, II, Snow, Christensen & Martineau, Salt Lake City, for defendant Pittsburgh Testing Laboratory.

Lawrence E. Stevens, Parsons, Behle & Latimer, Salt Lake City, for American Hoist & Derrick Co.

Stephen B. Nebeker, Ray, Quinney & Nebeker, S. Baird Morgan, Strong & Hanni, Salt Lake City, for defendant, UP & L.

Before BENCH, GREENWOOD and BILLINGS, JJ.

## OPINION

BENCH, Judge:

Plaintiff Mrs. Kelly appeals from a court order denying her motion to amend her complaint. We affirm.

On June 12, 1981, Willard Kelly, an employee of Utah Power and Light Co. (UP & L), was killed in a work-related accident when a crane collapsed. Mrs. Kelly, wife of deceased, filed a wrongful death action on behalf of herself and her four minor children, naming UP & L and American Hoist and Derrick as defendants. Five other plaintiffs filed personal injury actions, arising out of the same accident, against the same defendants.

After initial discovery, the five personal injury plaintiffs amended their actions to include, among others, Babcock & Wilcox (Babcock) and Brown & Root, Inc. (Brown) as defendants. On July 12, 1983, a stipulation to consolidate all six plaintiffs' actions was filed. The stipulation was signed by all parties except Babcock and Brown. Subsequently, Babcock and Brown filed their answers to the amended complaints. The trial court entered an order of consolidation, pursuant to the stipulation, on October 31, 1983.

On September 12, 1985, more than two years after the other plaintiffs amended their complaints, Mrs. Kelly filed a motion to amend her complaint to include as defendants Babcock and Brown. After a hearing on September 23, 1985, the court denied her motion.

On appeal, Mrs. Kelly argues the trial court erred in denying her motion to amend her complaint. Utah R.Civ.P. 15(a) states:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In considering a motion to amend, the trial judge must decide "whether the opposing side would be put to unavoidable prejudice by having an issue adjudicated for which he had not time to prepare." *Bekins Bar V Ranch v. Huth*, 664 P.2d 455, 464 (Utah 1983). Absent a clear abuse of discretion, this Court will not disturb a trial court's ruling on a motion to amend. *Girard v. Appleby*, 660 P.2d 245 (Utah 1983).

Mrs. Kelly argues the amendment would result in no prejudice to Babcock and Brown because they were aware of her action for more than two years and participated in discovery by attending her deposition. Although they attended plaintiff's deposition, Babcock and Brown did not participate by asking their own questions. Mere awareness of an action against other parties does not require a defendant to prepare a defense in anticipation of plaintiff's decision at some future time to join defendant as a party. *See Randall v. Sal-*

*vation Army,* 100 Nev. 466, 686 P.2d 241 (1984) (consolidation does not necessarily render litigants parties to each other's suits).

The case had been pending for over three years when, just prior to trial, Mrs. Kelly moved to amend her complaint. A hearing on the motion was held one week before trial was set to begin. Babcock and Brown were prepared to defend against five personal injury claims. That does not mean they could be required to defend, on short notice, a wrongful death action of a different plaintiff. If the trial court had granted the motion so close to trial, it may have required a continuance of the trial which, in turn, could have prejudiced the consolidated cases. *See Tripp v. Vaugan,* 746 P.2d 794 (Utah App.1987).

We conclude the trial court acted within its discretion in denying Mrs. Kelly's motion to amend. The court's order is affirmed. Costs to Babcock and Brown.

BILLINGS and GREENWOOD, JJ., concur.