Robyn Lynn SNEDDON, Plaintiff and Appellant,

v.

Robert GRAHAM and John Wenkel, Defendants and Appellees.

No. 910418–CA.

Court of Appeals of Utah.

Nov. 25, 1991.

---

Erik M. Ward and Robert K. Hunt, Ogden, for plaintiff and appellant.

Paul M. Belnap and Lynn S. Davies, Salt Lake City, for defendants and appellees.

Before BILLINGS, JACKSON and ORME, JJ.

JACKSON, Judge:

Appellant Robyn Lynn Sneddon appeals from the trial court's grant of appellee Robert Graham's motion for summary judgment, and the trial court's denial of her motion to amend her complaint. We affirm.

## BACKGROUND

This case arose out of an automobile accident which occurred on April 25, 1986, where Sneddon was injured when the automobile operated by John Wenkel collided with Sneddon's vehicle. Graham and Wenkel had each purchased approximately a six-pack of beer on their way home from work on April·24, the night before the accident. At Graham's home, Graham and Wenkel consumed the beer that had been purchased. Although the facts are in dispute as to who drank which beer, for purposes of this appeal, the parties agree that Wenkel consumed the six cans of beer he had purchased, and consumed two of the beers that Graham had purchased. The following morning Wenkel left Graham's home and collided with Sneddon's vehicle, which was parked in her driveway.

Sneddon filed her original complaint naming only Wenkel as defendant in June of 1987. In March of 1988, Sneddon added Graham as a codefendant, claiming that under Utah's Dramshop law, he knew or should have known that Wenkel was under the influence of alcohol and was negligent in letting him drive in that condition. Graham filed a motion for summary judgment which the trial court granted on November 3, 1989. The order dismissed all claims against Graham, with prejudice. In late November, Sneddon filed a motion to amend her complaint to add a common law negligence claim against Graham, and also filed a notice of appeal of the summary judgment in favor of Graham.

·Graham moved the supreme court to dismiss Sneddon's appeal because there were still claims pending against Wenkel, and therefore, there was no final order from which Sneddon could appeal. In December, the parties stipulated to a remand of the appeal to the trial court to obtain a final order, and the supreme court granted the motion to dismiss the premature appeal in January 1990.

The trial court denied Sneddon's motion to amend her complaint, stating that it lacked jurisdiction. No final order denying this motion was signed. In January of 1990, Sneddon again moved the trial court to allow her to amend her complaint to add a common law negligence action against Graham. Prior to the court ruling on this

motion, Sneddon and Wenkel reached a settlement agreement and all claims against Wenkel were dismissed on February 14, 1990. The trial court then denied Sneddon's second motion to amend her complaint and a final order denying the motion was entered in April 1990.

Sneddon appeals the trial court's summary judgment against her, claiming that, contrary to the trial court's legal conclusion, Utah's Dramshop law, Utah Code Ann. § 32A–14–1 (1986), applies in a social setting. Sneddon also appeals the trial court's denial of her motion to amend her complaint, claiming that such an amendment would not have prejudiced Graham, and that a common law action of negligence under these circumstances should be recognized in this state.

### DRAMSHOP LIABILITY

■ In reviewing the trial court's grant of summary judgment, we must construe facts in a light most favorable to the party opposing the motion. *Silcox v. Skaggs Alpha Beta, Inc.*, 814 P.2d 623, 624 (Utah App.1991). "Summary judgment can [only] be granted when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* at 623 (citations omitted). "Because the trial court's ruling on the meaning of a statute presents a question of law, we review it for correctness, giving no deference to the trial court's conclusion." *Tanner v. Phoenix Ins. Co.*, 799 P.2d 231, 233 (Utah App.1990) (citation omitted).

In the present case, the trial court granted Graham's motion for summary judgment, stating that Utah Code Ann. § 32A–14–1 (1986) was not intended to apply in a social, as opposed to commercial, setting. Chapter 14 of the Alcoholic Beverage Control Act (hereinafter the Dramshop Act) establishes liability for injuries resulting from the intoxication of an individual. It states in pertinent part:

(1) Any person who directly gives, sells, or otherwise provides liquor, or at a location allowing consumption on the premises, any alcoholic beverage, to a person:

(a) who is under the age of 21 years or

(b) who is apparently under the influence of intoxicating alcoholic beverages or products or drugs or

(c) whom the person furnishing the alcoholic beverage knew or should have known from the circumstances was under the influence of intoxicating alcoholic beverages or products or drugs or

(d) who is a known interdicted person, . . .

is liable for injuries in person, property, or means of support to any third person, or to the spouse, child, or parent of that third person, resulting from the intoxication.

Utah Code Ann. § 32A–14–1 (1986). Sneddon claims that the broad language of the Dramshop Act, as well as public policy, supports extending liability to social hosts. Graham argues that the language of the statute and its legislative history indicate an intent to extend liability only to the commercial setting.

"Where statutory language is plain and unambiguous, this Court will not look beyond to divine legislative intent." *Allisen v. American Legion Post No. 134*, 763 P.2d 806, 809 (Utah 1988). However, when the language is ambiguous, we may attempt to discern the intention of the legislature. *P.I.E. Employees Fed. Credit Union v. Bass*, 759 P.2d 1144, 1151 (Utah 1988). "A statute is ambiguous if it can be understood by reasonably well-informed persons to have different meanings." *Tanner*, 799 P.2d at 233. While Sneddon urges us to find to the contrary, because several of the terms utilized in the Dramshop Act are defined elsewhere in the Alcoholic Beverage Control Act, Utah Code Ann. §§ 32A–17–1 to –17–4 (1986), we hold that section 32A–14–1(1) is not ambiguous.

For example, "person" is defined as "any individual, partnership, firm, corporation, association, business trust, or other form of business enterprise, including a receiver or trustee, and the plural as well as the singular number, unless the intent to give a more limited meaning is disclosed by the

context." Section 32A–1–5(27). "Liquor" is defined to specifically exclude any beverage defined as a beer "that has an alcohol content of less than 4% alcohol by volume," section 32A–1–5(17), while "alcoholic beverages" "means 'beer' and 'liquor' as the terms are defined in this section." Section 32A–1–5(1). "Premises" is defined as "any building, enclosure, room, or equipment used in connection with the sale, storage, service, manufacture, distribution, or consumption of alcoholic products, unless otherwise defined in this title or in the rules adopted by the commission." Section 32A–1–5(29).

When the principal provisions of the Dramshop Act are read in context with the definitions provided by that Act, it is not ambiguous. The statute's plain language explicitly limits liability to persons who provide alcoholic beverages "at a location allowing consumption on the premises[.]" Conspicuously absent from the definition of "premises" is the word "house" or "private residence." *See* section 32A–1–5(29).[1]

We decline to accept Sneddon's arguments, and affirm the trial court's legal conclusion that the Dramshop Act does not apply to individuals in a noncommercial social setting.

## AMENDING THE COMPLAINT

■ We will not disturb a trial court's ruling on a motion to amend a complaint

absent a clear abuse of discretion. *Girard v. Appleby*, 660 P.2d 245, 248 (Utah 1983); *Kelly v. Utah Power & Light*, 746 P.2d 1189, 1190 (Utah App.1987).

Rule 15 of the Utah Rules of Civil Procedure allows for amendment of a complaint once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In denying Sneddon's motion to amend, the trial court stated:

> The court having previously granted Defendant's motion for summary judgment and having entered summary judgment dated November 3, 1989, dismissing the complaint of the plaintiff with prejudice, the plaintiff filed a Motion to Amend Complaint to "add a cause of action against the defendant, Robert Graham, based upon a theory of common law negligence in supplying intoxicating liquor to the co-defendant, John Wenkel."
>
> . . . .
>
> Having reviewed the motion, and the memorandum in opposition to the same,

---

1. Sneddon urges us to overlook this omission, arguing that the legislative history of the Dramshop Act indicates it was intended to regulate not only the sale and distribution of alcohol, but the possession and use of alcohol in a social setting as well. We disagree.

   The legislative history of the Dramshop Act underscores this interpretation. The original Dramshop Act statute, added to the Intoxicating Liquor Code in 1981, imposed liability upon any person who "gives, sells, or otherwise provides intoxicating liquor to another, contrary to subsection 16–6–13.1(8)(d), subsection 32–1–36.-5(1)(*l*), section 32–7–14 or subsection 32–7–24(b) or (c)...." Utah Code Ann. § 32–11–1 (Supp.1981) (repealed 1985). The sections referred to in the statute provided for the imposition of liability upon persons supplying alcohol to "any person under or apparently under the influence of liquor," Utah Code Ann. § 32–7–14 (1966) (repealed 1985), or upon persons who "permit drunkenness to take place in any *house* or on any premises* of which he is the owner, tenant or occupant; or (b) permit or suffer any person apparently under the influence of liquor to consume any liquor in any *house or on any premises* [,]...." Utah Code Ann. § 32–7–24(a)–(b) (1966) (emphasis added) (repealed 1985).

   In 1985, Title 32, Intoxicating Liquors, was repealed and replaced by Title 32A, the Alcoholic Beverage Control Act. An amended version of the Dramshop Act was enacted and codified as § 32A–14–1 (1986), and amended versions of §§ 32–7–14 and 32–7–24 were enacted and codified as §§ 32A–12–9 and 32A–12–21 (1986). The amended Dramshop Act makes no reference to other sections of the Alcoholic Beverage Code. Instead, the prohibited acts are included in the Dramshop Act statute itself. The words "house," or "private residence" do not appear in any of the amended statutes. Only the word "premises" appears in §§ 32A–12–21 and 32A–14–1.

and having heard the argument of counsel together with the procedural posture of the case, with the court having previously dismissed the plaintiff's complaint, and the court having indicated at the time of hearing that if it is deemed appropriate at the procedural juncture of this case to move to amend the complaint, the court is of the opinion that there is not a common law cause of action running in favor of a person injured against a person who supplied alcohol, nor does the court believe that the provisions of Utah's Alcoholic Beverage Control Act affords a plaintiff a cause of action under the facts and circumstances of this case....

It is unclear whether the trial court denied Sneddon's motion because it felt it was inappropriate given the procedural posture of the case, because it had no jurisdiction to amend a complaint that had been dismissed by summary judgment, or, as Sneddon contends, because the court was of the opinion that a common law negligence cause of action could not be raised given the facts of the case.

### A. Timeliness of Sneddon's Motion to Amend

Graham argues that the trial court properly denied Sneddon's motion to amend her complaint because of the age of the initial complaint, the development of discovery, the dismissal of Sneddon's claim against Graham, and the potential prejudice to Graham.

"In considering a motion to amend, the trial judge must decide 'whether the opposing side would be put to unfavorable prejudice by having an issue adjudicated for which he had not time to prepare.'" *Kelly,* 746 P.2d at 1190 (quoting *Bekins Bar V Ranch v. Huth,* 664 P.2d 455, 464 (Utah 1983)). In *Kelly,* the plaintiff sought to add two defendants more than three years after the case was initiated. This court concluded the trial court acted within its discretion in denying the plaintiff's motion to amend her complaint, reasoning that it was unfair to expect the defendants to be prepared to defend an additional action at such a late date. *See also Westley v. Farmer's Ins. Exch.,* 663 P.2d 93, 94 (Utah 1983) (per curiam) (since amendment to complaint would have delayed trial and substance of new allegation was known to plaintiff a full year earlier, no abuse in denying motion).

In the present case, Sneddon sought to amend her complaint more than two years after the filing of her original complaint. The trial court had already granted her leave to add Graham as a party after the action was filed. When Sneddon again moved the court for permission to amend, the case was set for trial later that month. We believe that it would almost certainly be prejudicial to Graham to allow Sneddon to amend her complaint to add an entirely new cause of action at such a late date, in the course of the proceedings. Accordingly, we cannot say that the trial court abused its discretion in denying Sneddon's motion.

### B. The Order of Dismissal as to Graham as a Final Adjudication

■ As to whether the trial court had jurisdiction to entertain Sneddon's motion to amend, Sneddon argues that the summary judgment in favor of Graham did not become a final judgment until the court entered its order denying Sneddon's motion to amend her complaint, on April 16, 1990. Sneddon incorrectly argues that if the dismissal of her claims against Graham was not a final order so as to permit appeal, then it was not a final order so as to prevent the trial court from granting leave to amend her complaint.

An order that does not wholly dispose of a claim or a party is not final, and therefore not appealable. *Pate v. Marathon Steel Co.,* 692 P.2d 765, 768 (Utah 1984); *Backstrom Family Ltd. Partnership v. Hall,* 751 P.2d 1157, 1159 (Utah App.1988). A trial court's granting of a motion for summary judgment which does not dispose of all claims of all parties, and which has not been certified as a final judgment pursuant to Rule 54(b) of the Utah Rules of Civil Procedure, is not a final judgment for purposes of appellate jurisdiction. *Steck v.*

*Aagaire,* 789 P.2d 708 (Utah 1990) (per curiam). Rule 54(b) states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ As Sneddon asserts, the dismissal of her claim as to Graham did not wholly dispose of her case. There were still claims pending against Wenkel. Therefore, while the supreme court may not have had jurisdiction to entertain an appeal where the trial court had not entered a final judgment as to both Graham and Wenkel, *see, e.g., A.J. Mackay Co. v. Okland Constr. Co.,* 817 P.2d 323, 325 (Utah 1991); *Kennecott Corp. v. Utah State Tax Comm'n,* 814 P.2d 1099, 1101 (Utah 1991), the trial court continued to have jurisdiction until all claims had been settled. The trial court had jurisdiction to rule on Sneddon's motion to amend her complaint, and it exercised that jurisdiction in denying the motion.

## CONCLUSION

For the foregoing reasons, both the trial court's grant of Graham's motion for sum-

mary judgment, and the denial of Sneddon's motion to amend her complaint, are affirmed.[2]

BILLINGS and ORME, JJ., concur.

---

**2.** Sneddon also urges us to recognize a common law action of negligence in the context of a social host, an issue which had not been addressed in the courts of this state to date. However, we note the Utah Supreme Court has adopted the Restatement (Second) of Torts § 315, which states that no duty can be found to protect another from harm unless and until a special relationship exists between the parties. *See Beach v. University of Utah,* 726 P.2d 413 (Utah 1986) (supreme court affirmed summary judgment in favor of defendant where plaintiff failed to show affirmative duty existed on part of defendant to protect plaintiff from harm). No such relationship has been established between Sneddon and Graham.